1

2

3

4

5

6

7

8

The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULIE ANNE KEMPF, on behalf of herself and all others similarly situated, | NO. 2:25-cv-01141-RSM |
| Plaintiffs, | **FIRST AMENDED CLASS ACTION COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| FULLBEAUTY BRANDS OPERATIONS, LLC, an Indiana limited liability company, | |
| Defendant. | |

COMES NOW the Plaintiff, Julie Anne Kempf, on behalf of herself and all others

similarly situated, by and through undersigned counsel, for her First Amended Class Action

Complaint ("FAC"), and for causes of action against the above-named Defendant

FULLBEAUTY BRANDS OPERATIONS, LLC ("Defendant" or "FullBeauty"), and makes

the following allegations based upon information and belief, except as to allegations

specifically pertaining to Plaintiff, which are based on personal knowledge.

## NATURE OF THE ACTION

1.        Defendant FullBeauty advertises and sells clothing and accessories through

various online retail platforms in the State of Washington, including Woman Within and

Catherine's.

FIRST AMENDED CLASS ACTION COMPLAINT  - 1

2.      This class action complaint concerns FullBeauty's pattern and practice of sending marketing emails that contain false or misleading information in the subject lines to Washington consumers. FullBeauty uses a variety of tricks and deceptive language to influence consumer behavior. For example, FullBeauty frequently uses the subject line to disguise the true commercial purpose of the email and trick the recipient into opening it, such as emails sent by Woman Within on December 19, 2024, with the subject line: "Re: Your Upcoming New Year Party" and on December 21, 2024, with the subject line: "Action Needed!"  In other cases, FullBeauty misrepresents the extent of a particular discount, such as an email sent by Woman Within on January 24, 2025, with the subject line: "Re: HALF OFF Knit Tops —TODAY ONLY!"  In reality, the discounted products are always on "sale," and the reference price used to arrive at the purported 50 percent discount is not a bona fide former or regular price. FullBeauty uses these illusory sales as an excuse to send consumers additional emails purporting to notify them about the promotion, often causing consumers' inboxes to be inflated with multiple emails a day. In still other cases, FullBeauty uses subject lines to tout limited-time sales, inducing customers to purchase items out of fear that they might miss an unusually good deal. The company then sends an email the next day announcing that the sale or discount has been "extended." In reality, on information and belief, the company always planned for the sale to continue during the advertised extension.

3.      In these and other instances seemingly limited only by the company's marketing creativity, FullBeauty is in violation of the Washington Consumer Electronic Mail Act ("CEMA"). *See* RCW 19.190.020(1)(b). As the Washington Supreme Court recently stated, "CEMA distinctly outlaws sending commercial e-mails that contain false or misleading information in subject lines." *Brown v. Old Navy, LLC*, 567 P.3d 38, 42 (Wash. 2025). And "[a]

FIRST AMENDED CLASS ACTION COMPLAINT  - 2

1    violation of CEMA's e-mail regulations is a per se violation of the Consumer Protection Act

2    (CPA)." *Id.* "Per se CPA violations are predicated on the Legislature's recognition that certain

3    conduct is categorically against the public interest." *Id.* (quotation omitted).

4          4.      Plaintiff brings this action as a class action on behalf of herself and other

5    persons residing in Washington who received FullBeauty's false and misleading emails.

6    Plaintiff's requested relief includes an injunction to end these practices, an award to Plaintiff

7    and class members of statutory damages for each illegal email, and an award of attorneys' fees

8    and costs.

9

10                       **PARTIES**

11         5.      Plaintiff Kempf is a citizen of Washington State, residing in King County,

12   Washington.

13         6.      Defendant Fullbeauty Brands Operations, LLC, is an Indiana limited liability

14   company with its principal place of business in New York, New York. Fullbeauty Brands

15   Operations, LLC manufactures, markets, advertises, and distributes products under the Woman

16   Within and Catherine's brands and on the Woman Within website (www.womanwithin.com)

17   and the Catherine's website (www.catherines.com) throughout the United States, including in

18   the State of Washington. Defendant is and has been engaged in substantial business activities in

19   the State of Washington, including King County.

20                **JURISDICTION AND VENUE**

21         7.      This Court has subject matter jurisdiction pursuant to the Class Action

22   Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d). The amount in controversy exceeds the

23   sum of $5,000,000 exclusive of interest and costs, there are more than one hundred putative

24

25

26

FIRST AMENDED CLASS ACTION COMPLAINT - 3

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

class members, and minimal diversity exists because the putative class members are citizens of a different state than Defendant.

8.      This Court has personal jurisdiction over Defendant because Defendant conducts substantial business in Washington and this District; engaged in the conduct at issue herein within this District; and otherwise has substantial contacts with this District.  The claims alleged in this civil action arose from, without limitation, Defendant's transmission of commercial electronic mail messages to consumers within the State of Washington.  In addition, Defendant intended, knew, or is chargeable with the knowledge that its out-of-state actions would have a consequence within Washington.

9.      Venue is proper in this District under 28 U.S.C. §§ 1391(b)(2) and (c)(2).  A substantial part of the events giving rise to the claims emanated from activities within this District.  Moreover, Defendant can be deemed to reside in this District because it is subject to personal jurisdiction in this Court with respect to this civil action.

## FACTUAL ALLEGATIONS

**A.  Under CEMA, it is a per se violation of the CPA to initiate the transmission of commercial emails with false or misleading information in the subject line to Washington residents.**

10.      It is a violation of CEMA to "initiate the transmission, conspire with another to initiate the transmission, or assist the transmission, of a commercial electronic mail message from a computer located in Washington or to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that . . . [c]ontains false or misleading information in the subject line." RCW 19.190.020(1)(b). As the Washington Supreme Court recently explained, "CEMA protects consumers by requiring that commercial e-mails

FIRST AMENDED CLASS ACTION COMPLAINT  - 4

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

communicate honestly about the terms of a given promotion or sale in the subject line." *Brown v. Old Navy, LLC*, 567 P.3d 38, 47 (Wash. 2025).

**B. FullBeauty initiated the transmission of commercial emails with false or misleading information in the subject line to Washington residents.**

11.     FullBeauty initiated the transmission of commercial electronic mail messages with several types of false or misleading subject lines to Plaintiff and members of the class.

12.     FullBeauty's false or misleading subject lines can be broken into at least four categories: (a) subject lines that describe a specific, limited-time promotion that is not, in fact, limited to the timeframe described in the subject line; (b) subject lines that trick the recipient into opening the email by misleadingly characterizing the nature of the email or disguising its true commercial purpose; (c) subject lines stating without qualification that a particular promotion is available for products "sitewide" when that is not the case; and (d) subject lines stating that products are being offered at a specific and significant percentage discount when, in reality, the reference prices used to calculate the percentage discount are illusory.

13.     In each case, the subject line conveys an objective statement of fact that is provably false or misleading and that Washington residents would depend on in making their consumer decisions. A nonexhaustive list of examples of subject lines from each category is provided below. Discovery will show additional emails in each of these categories and potentially other categories of false or misleading subject lines.

14.     The emails at issue are electronic mail messages, in that they were each an electronic message sent to an electronic mail address; the emails from FullBeauty also referred to an internet domain, whether or not displayed, to which an electronic mail message can or could be sent or delivered.

FIRST AMENDED CLASS ACTION COMPLAINT - 5

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

15.     The emails at issue are commercial in nature in that the purpose of the emails is to promote goods for sale by FullBeauty and induce consumers into making purchases from FullBeauty.

16.     The emails were sent at FullBeauty's direction and were approved by FullBeauty.

     *i.*     ***The subject line describes a time-limited promotion or sale that is available for a longer period than what is specifically stated in the subject line.***

17.     FullBeauty misrepresents the length of time sales will be offered by sending one or more emails stating in the subject line that a sale is being offered for a specific period followed by one or more emails stating in the subject line the sale period has been "extended." For example, on November 13, 2024, Woman Within sent an email with the subject line, "45% OFF Holiday Grab-Bag today only!" By stating that the sale was only available for one day, FullBeauty created a sense of urgency and tapped into the well-known consumer desire to get an unusual deal before it is gone. But that subject line was false and misleading. The next day, Woman Within sent another email with the subject line, "EXTENDED! 45% OFF Holiday Grab-Bag." The second email subject line demonstrates the falsity of the first one, laying bare the company's intention to distort the consumer's belief regarding the time for securing the discount.

18.     This marketing tactic involves a fundamental misrepresentation of fact regarding the duration of the promotion. Federal Trade Commission (FTC) regulations prohibit this practice, stating that sellers may not "make a 'limited' offer which, in fact, is not limited." 16 C.F.R. § 233.5. On information and belief, FullBeauty determines in advance how long it will offer a given promotion, such that it knows when it represents the limited duration of the

FIRST AMENDED CLASS ACTION COMPLAINT  - 6

promotion that the description is untruthful. In other words, on information and belief, FullBeauty always planned for the sale to last more than one day, such that both the initial email incorrectly stating the limited time for the sale and the follow-up "extension" email were false and misleading.  FullBeauty's frequent use of "one day only" sales followed by "surprise" extensions just hours later is the product of careful planning, not late-night iteration. FullBeauty's Digital Marketing team maintains a daily email marketing calendar and plans the cadence of its email campaigns well in advance, rather than iterating on the duration of a promotion hours after launching it or in the late hours of the day.

19.    The clear purpose of this tactic is to grab the consumer's attention and induce her immediate action to secure savings that will not be available beyond a specific window of time.  Research indicates that limited-time discounts create a sense of urgency that changes consumer decision making, including by persuading customers to purchase items sooner than they otherwise would, purchase more or different items than they otherwise would, or forego comparison shopping.  FullBeauty designs the subject lines of its marketing emails to tap into these consumer urges—going so far in some emails as to feature a ticking clock emoji and words such as "No time to waste, HURRY!" in the subject line. FullBeauty leverages this tactic and its well-known psychological effects to influence consumer behavior in a deceitful way. FullBeauty's Digital Marketing team follows a robust testing agenda, including regular A/B tests, to utilize data-driven insights to enhance email effectiveness and reporting.  A/B testing and email analytics enable FullBeauty to quantify the effectiveness of particular marketing techniques, including email subject lines touting purported "extensions" of time-limited sales. On information and belief, FullBeauty has tested the effectiveness of telling its customers a sale

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1  is ending in a short period of time and then "surprising" them with an extension and determined

2  that this deceptive technique leads to increased sales.

3      20.      FullBeauty likely would not use this marketing tactic, or at least would use it

4  less frequently, if it were not successful in generating sales, as suggested by the company's

5  reliance on email analytics.  FullBeauty's frequent use of this tactic also demonstrates that

6  Plaintiff expects discovery to show that FullBeauty has conducted A/B testing of email

7  effectiveness and other analysis and determined that this tactic increases sales, which will show

8  that representations of fact in an email subject line regarding the expiration or extension of

9  limited-time promotions are the among the type of "facts Washington residents would depend

10  on in making their consumer decisions."  *Brown v. Old Navy, LLC*, 567 P.3d 38, 47 (Wash.

11  2025).

12      21.      FullBeauty uses its time-limited sales to send more emails to consumers than it

13  otherwise might.  The company often sends multiple promotional emails every day, many of

14  them advertising the "limited-time" offers.  In many instances, FullBeauty sends an initial

15  email with a subject line indicating that a specific promotion is available "TODAY ONLY" or

16  for "ONE DAY ONLY."  FullBeauty may send additional follow-up emails as the time-limited

17  promotion draws to a close, including with subject lines stating that the sale "ENDS

18  TONIGHT" or the like.  Then, just hours later on the following day, FullBeauty will send one

19  or more emails advertising an extension of the same promotion, often with words like

20  "SURPRISE" or "You're in Luck" in the subject line.  When several emails contain the same

21  false and misleading information about the limited nature of an offer, the emails clog up

22  inboxes with spam and divert the recipient's attention from other communications.

26

FIRST AMENDED CLASS ACTION COMPLAINT  - 8

22.    The charts below show examples of email subject lines transmitted by Woman Within and Catherine's following this pattern:

| Woman Within | |
| --- | --- |
| *Date* | *Subject Line* |
| 9/18/2024 | 😊 Looking For Deals? 45% Off Today Only! |
| 9/19/2024 | 🎁 SURPRISE Savings! 45% Off Extended Today! |
| 10/7/2024 | 📢 Last Call for 50% Off Sitewide! Ends Tonight! |
| 10/7/2024 | ⏰ FINAL HOURS! ⏰ 50% Off SITEWIDE! |
| 10/8/2024 | 📢 EXTENDED! 50% Off SITEWIDE Including Clearance! |
| 10/8/2024 | You're Invited! 50% Off Sitewide Extended—Act Fast! |
| 11/13/2024 | 45% OFF Holiday Grab-Bag today only! |
| 11/14/2024 | EXTENDED! 45% OFF Holiday Grab-Bag |

| Catherine's | |
| --- | --- |
| *Date* | *Subject Line* |
| 11/29/2022 | 🎉 Up to 75% off everything Cyber Monday ENDS TONIGHT! |
| 11/30/2022 | Cyber Monday Extended! Last Day! Up to 75% off! |
| 11/30/2022 | Cyber Monday EXTENDED! Shop and save big. Up to 75% off everything. |
| 9/4/2023 | Labor Day Savings, END TONIGHT! |
| 9/5/2023 | CONFIRMED: Labor Day Sale Extended! Last Chance! |

FIRST AMENDED CLASS ACTION COMPLAINT - 9

23.     The timing of FullBeauty's marketing emails excludes any reasonable possibility that FullBeauty has a practice of extending the period for specific promotional offers on an ad hoc, last-minute basis in response to business conditions or performance targets. There simply is not sufficient time for this type of analysis between the last of the emails warning of a promotion ending in a matter of hours (which are typically sent at the end of the workday) and the announcement of the extension the next day (which are typically sent first thing in the morning).  Thus, the timing of the emails alone makes clear that FullBeauty has already planned the next-day extension when it sends the false and misleading emails stating that the offer is available "today only," ends "tonight," or the like.

24.     In some cases, FullBeauty's extensions are preordained by the expiration dates in the fine print of the body of its emails, and those expiration dates belie the falsity of the email subject lines.  For example, on October 7, 2024, Plaintiff received an email from Woman Within with the subject line: "Last Call for 50% Off Sitewide! Ends Tonight!"  However, the body of the email states an expiration date for this promotional offer of October 9, 2024.  Thus, the body of the email itself establishes the false and misleading nature of the subject line.

ii.     ***The subject line tricks the recipient into opening the email by misleadingly characterizing the nature of the email or disguising its true commercial purpose.***

25.     FullBeauty also frequently sends emails with subject lines designed to confuse the recipient regarding the nature or purpose of the email. These subject lines often do not disclose the commercial purpose of the email at all, instead misleading consumers into opening the email to determine its purpose. These email subject lines are false and misleading.

26.     The legislature targeted these subject lines for obvious reasons. They rely on tricking the consumer to either open the email or think twice before deleting otherwise-obvious

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

spam. Some subject lines—such as "Action Needed!"—demand immediate attention when no action is required at all, let alone with the urgency suggested by the exclamation mark. Others are more subtle but no less deceptive, such as the use of "Re:" at the beginning of the subject line, which consumers reasonably associate with emails sent in reply to actual messages (such as from a customer service representative), not advertisements sent in bulk. As another of its tricks, FullBeauty often sends emails with subject lines that reference an existing order when no order has been placed. For example, without more, the Woman Within email subject lines that read "Your Easter Dress Order Just Shipped!" and "Re: Your Swim Order #" do not appear to be advertisements at all and misleadingly suggest that the email is a personalized message from a customer service representative.  In reality, these emails were indiscriminate advertisements. In these cases, and in others limited only by the advertiser's imagination and willingness to deceive, the subject lines conceal the true nature of the communication. These email subject lines are false or misleading as to the commercial nature of the email and are thus in violation of CEMA.

27.     The charts below show examples of email subject lines transmitted by Woman Within and Catherine's that disguise the true commercial purpose of the email:

| Woman Within | |
|---|---|
| *Date* | *Subject Line* |
| 12/19/2024 | Re: Your Upcoming New Year Party |
| 12/21/2024 | Action Needed! |
| 3/9/2025 | Re: Your Order \| ❤️Qualifies for FREE Shipping |
| 4/2/2025 | Your Easter Dress Order Just Shipped! |
| 4/9/2025 | Re: Your Order # |

FIRST AMENDED CLASS ACTION COMPLAINT  - 11

| 4/30/2025 | Re: Your Swim Order # |

| **Catherine's** | |
| --- | --- |
| *Date* | *Subject Line* |
| 3/10/2023 | ***Your pending spring order*** |
| 6/24/2023 | Re: $100 Has been added to Your Account |
| 1/17/2024 | Re: *** YOUR HAPPINESS |
| 3/8/2024 | Re: ***Your pending spring order*** |
| 5/28/2024 | Order Pending: Just Need Your Confirmation. |

      *iii.*     ***The subject line states without qualification that a particular promotion is available for products "sitewide" when that is not the case.***

28.     FullBeauty also frequently uses the subject line of emails to mislead consumers into thinking that a sale or discount applies "sitewide." Such false and misleading statements trick the consumer into thinking that the promotion will apply to any product available on the Woman Within or Catherine's sites. In reality, these purported "sitewide" promotions are not sitewide.

29.     Other retailers accurately advertise sitewide sales that do not have product exclusions. Still others advertise sitewide sales but specify in the subject line that "exclusions apply." But FullBeauty chooses to grab the consumer's attention using deceptive subject lines that suggest a sale has broader application than it truly does. There often is nothing in FullBeauty's subject lines that communicates to the consumer that the advertised promotion is limited in any way to particular products on the relevant site.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

30.     For example, on May 2, 2025, Woman Within sent an email with the subject line: "SITEWIDE SAVINGS! Get 50% Off." There was no asterisk or other indication in the subject line that the adjective "SITEWIDE" should not be taken at face value—i.e., that the 50 percent off sale applied to all products on Woman Within's site.

31.     As the fine print in the body of the email explains, however, these promotions are subject to numerous exclusions:

> Use code SITEWIDE50 to get 50% off Woman Within, Roamas, Jessica London, Catherines, Avenue, Liz & Me, Soft Focus, Intimates, Shoes, Swimwear, Sleepwear and 40% off of Ellos. Discount is taken off original prices. Intermediate markdowns may have been taken. Applies to subtotal only. Not applicable to gift cards, prior purchases or when ordering from a catalog. Does not include shipping and handling or taxes. Returns credited at the discounted price. May not be redeemed for cash and cannot be combined with other offers. Valid online only. ***Does not apply to final sale, menswear, home goods, select swimwear, select accessories, Jessica's Style Steals, Eloquii, Catherines Perfect Price Collection, June & Vie, CUUP, and select third party merchandise. Additional exclusions may apply. Does not apply to International Orders.*** All items marked as final sale cannot be returned or exchanged. All promotions and savings are stated in USD. Expires 5/5/2025.

(emphasis added).

32.     According to the fine print in the body of the email, the advertised "sitewide" sale was not "sitewide" but rather applied only to a subset of merchandise on the Woman Within site.  The sale even excluded even undefined subsets of products that fall within the included categories. For example, the terms state that the 50% off sale applies to "Swimwear." However, one of the exclusions is "select swimwear." That is, the sale applies to swimwear, except when it does not apply to swimwear.

FIRST AMENDED CLASS ACTION COMPLAINT  - 13

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

33.     Similarly, on August 14, 2023, Catherine's sent an email with the following subject line: "⬛ ⬜ Take 40% Off Sitewide: From Top to Bottom!" The fine print in the body of that email belied the falsity of the subject line. It stated:

> Use code FRIENDS to get 40% off of in stock merchandise or 50% off if you use any Fullbeauty brands credit card. Entire purchase must be placed on a Fullbeauty brands card and you must sign into your account. Discount is taken off original prices. Intermediate markdowns may have been taken. Applies to subtotal only. Not applicable to gift cards, prior purchases or when ordering from a catalog. Does not include shipping and handling or taxes. Returns credited at the discounted price. May not be redeemed for cash and cannot be combined with other offers. Valid online only. ***Does not apply to clearance, final sale, menswear, home goods, select swimwear, select accessories, Jessica London leather, Eloquii, Catherines Perfect Price Collection, June & Vie, and select third party merchandise. Additional exclusions may apply. Does not apply to International Orders.*** All items marked as final sale cannot be returned or exchanged. ***Only applies to in stock merchandise.*** All promotions and savings are stated in USD. Expires 8/14/2023.

(emphasis added).

34.     Again, the advertised sale was not "sitewide" but rather applied only to a subset of merchandise on the Catherine's site.  Objective "representations of fact" regarding "the duration or availability of a promotion" are the type of "facts Washington residents would depend on in making their consumer decisions."  *Brown v. Old Navy, LLC*, 567 P.3d 38, 47 (Wash. 2025).

35.     The charts below show examples of subject lines from emails transmitted by Woman Within and Catherine's following this pattern:

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

| Woman Within | |
|---|---|
| *Date* | *Subject Line* |
| 3/14/2025 | Your Fri-YAY To-Do: 50% Off Sitewide + FREE SHIPPING! |
| 3/16/2025 | 😮 FREE Shipping + 50% Off Sitewide, here today, GONE Tomorrow! |
| 3/16/2025 | 🕐!!Time's UP! 50% Off Sitewide + FREE Shipping |
| 3/29/2025 | !!45% Off SITEWIDE + 5 Sunny Styles Your Closet NEEDS! |
| 3/29/2025 | 🌟45% Off SITEWIDE + Extra 10% Off |
| 5/2/2025 | SITEWIDE SAVINGS! Get 50% Off |

| Catherine's | |
|---|---|
| *Date* | *Subject Line* |
| 11/25/2022 | CONFIRMED: Your order is 50% off sitewide! |
| 3/13/2023 | Download our NEW catalog + SAVE 50% SITEWIDE! |
| 8/11/2023 | ☑ Your SITEWIDE offer has been activated! |
| 8/14/2023 | 🎁📋Take 40% Off Sitewide: From Top to Bottom! |

        ***iv.    The subject line states that certain items are being offered at a specific and significant percentage discount when, in reality, the reference prices used to calculate the percentage discount are illusory.***

      36.    The subject lines of other FullBeauty emails state that certain categories of products (and sometimes all products) are being offered at a specific percentage discount. For example, on January 24, 2025, Woman Within sent an email with the subject line: "Re: HALF OFF Knit Tops —TODAY ONLY!" A reasonable consumer would conclude based on this

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

subject line that Woman Within formerly offered the discounted products at prices that were 50 percent higher. In truth, that is rarely or never the case because FullBeauty uses false reference prices to calculate the promotional discounts. Thus, all or nearly all FullBeauty email subject lines advertising a specific percentage discount are artificially inflated, false, and misleading.

37.    Here again, objective "representations of fact" regarding the "terms and nature" of a promotion are among the type of "facts Washington residents would depend on in making their consumer decisions." *Brown v. Old Navy, LLC*, 567 P.3d 38, 47 (Wash. 2025).

38.    The charts below show examples of subject lines from emails transmitted by Woman Within and Catherine's that advertise a specific percentage discount for products where the discount is predicated on a false reference price:

| Woman Within | |
|---|---|
| *Date* | *Subject Line* |
| 1/24/2025 | Re: HALF OFF Knit Tops —TODAY ONLY! |
| 2/24/2025 | Fwd: 💐40% Off Spring Styles + Extra 20% Off |
| 2/25/2025 | ‼️FYI New Spring Styles @ 40 % Off |
| 4/2/2025 | 😮Did we just say, 50% Off ALL Easter Dresses? |
| 5/2/2025 | We picked these just for you – now HALF OFF! |

| Catherine's | |
|---|---|
| *Date* | *Subject Line* |
| 2/20/2024 | Comfy Faves = 50% off! ☁️🛁 |
| 4/25/2024 | ATTN: 45% off Friends & Family |

FIRST AMENDED CLASS ACTION COMPLAINT  - 16

| 5/3/2025 | 50% OFF your summer wardrobe upgrade! |
|---|---|

39.    FullBeauty's reference prices are illusory because they do not represent FullBeauty's actual former and regular prices—i.e., the prices at which FullBeauty previously offered the items on a regular basis and for a reasonably substantial period of time. Thus, despite explicit representations to the contrary, FullBeauty customers did not actually receive the savings touted in these email subject lines.

40.    FullBeauty uses "strikethrough pricing" to lead customers to believe that a current promotion represents a substantial discount off a former price. In reality, the strikethrough price (i.e., the reference price) is a fictitious price used for the purpose of deceiving consumers into believing they are receiving a bargain for their purchases.  As FullBeauty's email subject lines were based on these false reference prices, the subject lines created a false impression that the products were of a higher value and worth more than their actual worth and that the savings were more significant than they truly were.

41.    Randomly selected sample products demonstrate the pervasive sitewide nature of Defendant's fake reference price scheme. The chart below shows the price history of one item, the Perfect Short-Sleeve Crewneck Tee sold by Woman Within:

| Perfect Short-Sleeve Crewneck Tee | | | |
|---|---|---|---|
| *Date* | *Reference Price* | *Sale Price* | *Promotional Language* |
| 1/8/2024 | $18.99 | $9.97–$13.29 | "with code 25FOR2024" |
| 3/3/2024 | $15.99 | $6.40–$15.99 | "NEW LOWER PRICE! 60% Off!" |
| 4/14/2024 | $15.99 | $8.59–$11.19 | "NEW LOWER PRICE!"  "with code VACAY2024" |

FIRST AMENDED CLASS ACTION COMPLAINT  - 17

| 5/10/2024 | $15.99 | $9.99 | "NEW LOWER PRICE!" |
| 5/14/2024 | $15.99 | $10.99 | "NEW LOWER PRICE!" |
| 5/16/2024 | $15.99 | $10.99 | "NEW LOWER PRICE!" |
| 5/21/2024 | $15.99 | $10.99 | "NEW LOWER PRICE!" |
| 5/26/2024 | $15.99 | $10.99 | "NEW LOWER PRICE!" |
| 5/28/2024 | $15.99 | $10.99 | "NEW LOWER PRICE!" |
| 5/30/2024 | $15.99 | $9.59 | "NEW LOWER PRICE!" |
| 6/14/2024 | $15.99 | $7.99–$15.99[1] | "NEW LOWER PRICE!" <br><br> "with code SITEWIDE50" |
| 6/30/2024 | $15.99 | $10.99 | "NEW LOWER PRICE!" |
| 7/6/2024 | $15.99 | $8.99 | "NEW LOWER PRICE!" |
| 7/9/2024 | $15.99 | $10.99 | "NEW LOWER PRICE!" |
| 7/13/2024 | $15.99 | $8.79– $15.99 | "NEW LOWER PRICE!" <br><br> "with code CLOCKWORK45" |
| 7/14/2024 | $15.99 | $7.99–$15.99 | "NEW LOWER PRICE! 50% Off!" |
| 7/24/2024 | $15.99 | $8.99–$10.99 | "NEW LOWER PRICE! $50 off $100 Or $100 off $200 With Code: SUMMERCASH" |
| 8/4/2024 | $15.99 | $7.99 | "NEW LOWER PRICE!" |
| 8/6/2024 | $15.99 | $7.99 | "NEW LOWER PRICE! 50% Off!" |
| 8/14/2024 | $15.99- | $10.00 | "NEW LOWER PRICE!" |

[1] On information and belief, whenever a product displays a price range with the reference price at the upper bound, that reference price only applies to preorders of items that are not in stock.

FIRST AMENDED CLASS ACTION COMPLAINT - 18

| | | | |
|---|---|---|---|
| | $18.99 (black) | | |
| 8/17/2024 | $15.99- $18.99 (black) | $8.79 | "NEW LOWER PRICE! Save 45% with code: SITEWIDE45" |
| 8/23/2024 | $15.99 | $10.99 | "NEW LOWER PRICE!" |
| 8/25/2024 | $15.99 | $10.99 | "NEW LOWER PRICE!" |
| 8/30/2024 | $15.99 | $11.04– $12.99 | "NEW LOWER PRICE!" "with code SAVE15" |
| 9/15/2024 | $15.99 | $7.99– $15.99 | "NEW LOWER PRICE! 50% Off!" |
| 9/17/2024 | $15.99 | $7.99– $15.99 | "NEW LOWER PRICE!" "with code GRAB50" |
| 10/1/2024 | $15.99 | $10.99 | "NEW LOWER PRICE!" |
| 10/29/2024 | $15.99 | $7.99 | "NEW LOWER PRICE! 50% Off!" |
| 11/4/2024 | $15.99 | $5.49– $10.99 | "NEW LOWER PRICE! 50% Off!" |
| 11/11/2024 | $15.99 | $11.19 | "NEW LOWER PRICE!" |
| 11/12/2024 | $15.99 | $7.99 | "NEW LOWER PRICE! 50% Off!" |
| 11/13/2024 | $15.99 | $8.79 | "NEW LOWER PRICE! 45% Off!" |
| 11/14/2024 | $15.99 | $8.79 | "NEW LOWER PRICE! 45% Off!" |
| 11/15/2024 | $15.99 | $7.99 | "NEW LOWER PRICE! 50% Off!" |
| 11/18/2024 | $15.99 | $10.99– $15.99 | "NEW LOWER PRICE!" |
| 11/19/2024 | $15.99 | $10.99– $15.99 | "NEW LOWER PRICE!" |

FIRST AMENDED CLASS ACTION COMPLAINT  - 19

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

| 11/22/2024 | $15.99 | $10.99– $15.99 | "NEW LOWER PRICE!" |
| 12/6/2024 | $15.99 | $10.99–$15.99 | "NEW LOWER PRICE!" |

42.     The chart below shows the price history of another item, the Perfect Long Sleeve Turtleneck Sweater, to show that the item is never or virtually never available at the reference price:

| Perfect Long Sleeve Turtleneck Sweater | | | |
|---|---|---|---|
| **Date** | **Reference Price** | **Sale Price** | **Promotional Language** |
| 10/8/2024 | $51.99 | $25.99 | "NEW LOWER PRICE!" <br><br> "with code SITEWIDE50" |
| 10/9/2024 | $51.99 | $25.99 | "NEW LOWER PRICE!" <br><br> "with code SITEWIDE50" |
| 10/11/2024 | $51.99 | $25.99 | "NEW LOWER PRICE!" |
| 10/14/2024 | $51.99 | $25.99 | "NEW LOWER PRICE!" |
| 10/16/2024 | $51.99 | $36.39 | "NEW LOWER PRICE!" |
| 10/17/2024 | $51.99 | $36.39 | "NEW LOWER PRICE!" |
| 10/21/2024 | $51.99 | $28.59 | "NEW LOWER PRICE!" |
| 10/22/2024 | $51.99 | $28.59 | "NEW LOWER PRICE!" |
| 10/23/2024 | $51.99 | $28.59 | "NEW LOWER PRICE!" |
| 10/24/2024 | $51.99 | $25.99– $51.99 | "NEW LOWER PRICE!" <br><br> "with code TICKTOCK50" |
| 10/25/2024 | $51.99 | $36.99 | "NEW LOWER PRICE!" |
| 10/28/2024 | $51.99 | $36.99 | "NEW LOWER PRICE!" |

FIRST AMENDED CLASS ACTION COMPLAINT  - 20

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

| 10/29/2024 | $51.99 | $36.99 | "NEW LOWER PRICE!" |
| 10/30/2024 | $51.99 | $31.19 | "NEW LOWER PRICE!" |
| 10/31/2024 | $51.99 | $25.99 | "NEW LOWER PRICE! 50% Off" |
| 11/1/2024 | $51.99 | $36.99 | "NEW LOWER PRICE!" |
| 11/4/2024 | $51.99 | $36.99 | "NEW LOWER PRICE!" |
| 11/5/2024 | $51.99 | $36.99 | "NEW LOWER PRICE!" |
| 11/6/2024 | $51.99 | $36.99 | "NEW LOWER PRICE!" |
| 11/7/2024 | $51.99 | $36.99 | "NEW LOWER PRICE!" |
| 11/8/2024 | $51.99 | $36.39 | "NEW LOWER PRICE!" |
| 11/11/2024 | $51.99 | $36.39 | "NEW LOWER PRICE!" |
| 11/12/2024 | $51.99 | $25.99 | "NEW LOWER PRICE! 50% Off!" |
| 11/13/2024 | $51.99 | $28.59 | "NEW LOWER PRICE! 45% Off!" |
| 11/14/2024 | $51.99 | $28.59 | "NEW LOWER PRICE! 45% Off!" |
| 11/15/2024 | $51.99 | $25.99 | "NEW LOWER PRICE! 50% Off!" |
| 11/18/2024 | $51.99 | $36.99 | "NEW LOWER PRICE!" |
| 11/19/2024 | $51.99 | $36.99 | "NEW LOWER PRICE!" |
| 11/22/2024 | $51.99 | $36.99 | "NEW LOWER PRICE!" |
| 12/6/2024 | $51.99 | $36.99– $51.99 | "NEW LOWER PRICE!" |

43.    The chart below shows the price history of another item, the Perfect Three-Quarter Sleeve Boatneck Tee sold by Woman Within:

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

| Perfect Three-Quarter Sleeve Boatneck Tee | | | |
|---|---|---|---|
| *Date* | *Reference Price* | *Sale Price* | *Promotional Language* |
| 10/8/2024 | $21.99 | $10.99 | "NEW LOWER PRICE!"<br><br>"with code SITEWIDE50" |
| 10/9/2024 | $21.99 | $10.99 | "NEW LOWER PRICE!"<br><br>"with code SITEWIDE50" |
| 10/11/2024 | $21.99 | $14.29 | "NEW LOWER PRICE!" |
| 10/14/2024 | $21.99 | $14.29 | "NEW LOWER PRICE!" |
| 10/16/2024 | $21.99 | $15.39 | "NEW LOWER PRICE!" |
| 10/17/2024 | $21.99 | $15.39 | "NEW LOWER PRICE!" |
| 10/21/2024 | $21.99 | $16.99 | "NEW LOWER PRICE!" |
| 10/22/2024 | $21.99 | $16.99 | "NEW LOWER PRICE!" |
| 10/23/2024 | $21.99 | $16.99 | "NEW LOWER PRICE!" |
| 10/24/2024 | $21.99 | $10.99– $21.99 | "NEW LOWER PRICE!"<br><br>"with code TICKTOCK50" |
| 10/25/2024 | $21.99 | $16.99 | "NEW LOWER PRICE!" |
| 10/28/2024 | $21.99 | $16.99 | "NEW LOWER PRICE!" |
| 10/29/2024 | $21.99 | $16.99 | "NEW LOWER PRICE!" |
| 10/30/2024 | $21.99 | $10.99– $21.99 | "NEW LOWER PRICE! 50% Off" |
| 10/31/2024 | $21.99 | $16.99 | "NEW LOWER PRICE!" |
| 11/1/2024 | $21.99 | $16.99 | "NEW LOWER PRICE!" |
| 11/4/2024 | $16.99 | $8.49– $16.99 | "NEW LOWER PRICE! 50% Off" |

FIRST AMENDED CLASS ACTION COMPLAINT  - 22

| 11/5/2024 | $21.99 | $16.99 | "NEW LOWER PRICE!" |
| 11/6/2024 | $21.99 | $16.99 | "NEW LOWER PRICE!" |
| 11/7/2024 | $21.99 | $16.99 | "NEW LOWER PRICE!" |
| 11/8/2024 | $21.99 | $15.39 | "NEW LOWER PRICE!" |
| 11/11/2024 | $21.99 | $15.39 | "NEW LOWER PRICE!" |
| 11/12/2024 | $21.99 | $10.99 | "NEW LOWER PRICE! 50% Off!" |
| 11/13/2024 | $21.99 | $12.09 | "NEW LOWER PRICE! 45% Off!" |
| 11/14/2024 | $21.99 | $12.09 | "NEW LOWER PRICE! 45% Off!" |
| 11/15/2024 | $21.99 | $10.99 | "NEW LOWER PRICE! 50% Off!" |
| 11/18/2024 | $21.99 | $16.99– $21.99 | "NEW LOWER PRICE!" |
| 11/19/2024 | $21.99 | $16.99– $21.99 | "NEW LOWER PRICE!" |
| 11/22/2024 | $21.99 | $16.99–$21.99 | "NEW LOWER PRICE!" |
| 12/6/2024 | $21.99 | $16.99–$21.99 | "NEW LOWER PRICE!" |

44.      As these price histories show, the purported discounts and promotions are ever-changing, and website visitors are consistently assured they have arrived at the site just in time to secure the product at a "new lower price." But the "new lower price" language always appears on the product page, regardless of whether the price is "new" or "lower"; as a result, this language is often false and misleading. Moreover, the strikethrough price is a misrepresentation of fact, as the product is always available for a lower price when it is in stock. In truth, the reference price is not a regular price. Instead, the Products are always available at a discount from that price, and the customer is not receiving the advertised discount by buying during a purported sale.

FIRST AMENDED CLASS ACTION COMPLAINT  - 23

45.    This tactic directly contravenes federal and state law aimed at protecting consumers from deceptive business practices. FTC regulations prohibit false or misleading "former price comparisons," for example, making up "an artificial, inflated price … for the purpose of enabling the subsequent offer of a large reduction" off that price. 16 C.F.R. § 233.1. The regulations further provide that, for an advertised former price to be legitimate, it must be the "actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time." 16 C.F.R. § 233.1(a). "If, on the other hand, the former price being advertised is not bona fide but fictitious—for example, where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction—the 'bargain' being advertised is a false one; the purchaser is not receiving the unusual value he expects. In such a case, the 'reduced' price is, in reality, probably just the seller's regular price." *Id.* FTC regulations further prohibit false or misleading "retail price comparisons" and "comparable value comparisons," such as comparisons that falsely suggest that the seller is "offer[ing] goods at prices lower than those being charged by others for the same merchandise" when this is not the case. 16 C.F.R. § 233.1. The practice also contravenes the Washington Consumer Protection Act, which prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices." RCW 19.86.020.

**C. FullBeauty initiated the transmission of commercial emails to consumers whom it knows or should know reside in Washington.**

46.    FullBeauty sent the misleading commercial emails to email addresses that FullBeauty knew or should have known were held by Washington residents, either because (i) FullBeauty had a physical Washington address that was associated with the recipient; (ii) FullBeauty had access to data regarding the recipient indicating that they were in Washington state; or (iii) information was available to FullBeauty upon request from the registrant of the

FIRST AMENDED CLASS ACTION COMPLAINT  - 24

internet domain name contained in the recipient's electronic mail address. Moreover, FullBeauty does business nationwide and knows that at least some of its customers reside in Washington.

47.     FullBeauty and its marketing vendors know where many of its customers and email recipients reside through several methods.

48.     For example, for any person that places an order online from FullBeauty, FullBeauty associates an email address with a shipping address and/or billing address for that order.

49.     FullBeauty also encourages online shoppers to create online accounts. Customers save information in their FullBeauty accounts along with their email address, such as their shipping addresses, billing addresses, and phone numbers.

50.     Moreover, FullBeauty can use its comprehensive suite of analytics tools to create detailed profiles of its customers and email list recipients, even when FullBeauty begins with limited first-party data—even merely an email address—for a particular individual.

51.     For example, FullBeauty uses "cookies, web beacons, and other tracking technologies" to allow it to identify and locate the consumers that click on links contained in FullBeauty's marketing emails and that visit its website.  FullBeauty has publicly disclosed *some* of the specific tools and methods it uses to track the effectiveness and reach of its marketing emails and identify consumers that click on links contained in those emails, including by identifying their physical location.  These and other tracking tools provide FullBeauty with information to determine whether a consumer is (or may be) located in Washington.

52.     In its Privacy Policy, FullBeauty discloses at least some of the ways it obtains

FIRST AMENDED CLASS ACTION COMPLAINT  - 25

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

information—including location information—about its customers and email list recipients.

53.     First, in a section of the Privacy Policy titled "Information We Collect From Others," FullBeauty states that it "may receive information from external parties" including "[i]nformation about you, including mailing address or email address and other information about your potential interests and demographics, in order to send you catalogs, product offerings, or promotional offers" and "[c]ontact information from someone you know who purchased a product for you or provided your information through a referral program."

54.     Second, in a section entitled "Information We Collect Automatically," FullBeauty states: "When you interact with the Services, certain information about your use of our Services is automatically collected.  Much of this information is collected through cookies, web beacons, and other tracking technologies, as well as through your web browser or device." This section further states that FullBeauty "automatically" collects: "[d]etails of your visits to any of our FULLBEAUTY Brands Websites and information generated in the course of the use our site (including the timing, frequency and pattern of service use) including, but not limited to, traffic data, **location data**, weblogs and other communication data, the resources that you access, and how you reached our site" (emphasis added); "[d]etails regarding the device you use to access our Services, including, but not limited to, your **IP address**, operating system and browser type" (emphasis added); and "[i]nformation about how you interact with our ads and newsletters, including whether you open or click links in any correspondence."

55.     FullBeauty and its vendors use "web beacons," also known as tracking pixels or tracking tags, to monitor the effectiveness and reach of email campaigns.  These tools can be used to track whether an email was opened, how long the email was open, how far down the email a recipient scrolls, whether any links in the email were clicked, the recipient's IP address,

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

the recipient's email client and device type, and the recipient's location.  Email marketers also use these tools to segment their mailing lists and improve email personalization, including by creating email suppression lists.

56.    FullBeauty has acknowledged that it uses IP address information to geolocate customers, ***including by determining their exact mailing addresses***.  The company advised its customers and website visitors in a previous version of its privacy policy: "We also collect your IP address, which may allow us to determine your location, including to determine your mailing address."

57.    FullBeauty has publicly disclosed that it uses Adobe Analytics, Google Analytics, and Meta Pixel (formerly Facebook Pixel) to collect and analyze information about its customers and website visitors.  FullBeauty can use these tools to infer the location of the individuals on its email lists.  For example, Meta Pixel provides FullBeauty with IP-address-based geolocation for customers that click on FullBeauty's ads in Facebook and Instagram.

58.    In addition, metadata in FullBeauty marketing emails received by Plaintiff indicates that FullBeauty also uses the third-party vendor Epsilon for its email analytics and customer-engagement tracking capabilities.  FullBeauty can use Epsilon to determine whether someone who clicks an email is located in Washington.  Epsilon creates and continuously updates individual customer data profiles that allow the company and its clients to track pertinent data, including geolocation, for each individual.  In an explanatory video on is website, Epsilon states that it gives clients "a better idea of who each customer is" and helps them "fill in the gaps so [they] can see them fully and clearly," in part by using unique customer identifiers that help the client "stay connected" with customers, "even when their cookies fade away, they get a new phone, a new job, move across the country, and start going

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

by a cool nickname.  Their profile keeps up with all those changes, and you can keep reaching them wherever they are."  Epsilon starts with first-party data from its clients, then "adds to what [the client] know[s], using data that [Epsilon] see[s] across [its] partner network."  Epsilon touts its "COREid" product as an "industry-leading proprietary demographic data set that has name and address info on 255 million people."  It builds on this with data from "more than 14,000 of [its] partner publishers, including popular websites and apps that hundreds of millions of people engage with every day."  Whether a client has "lots of data about [its] customers or just a little, attaching to COREid can help [the client] fill the gaps," including with general geolocation information.

59.    Epsilon can determine the recipient's state-level location by associating the recipient's email address with its proprietary data set, which links consumer data points from different sources.  Further, when an individual receives one of FullBeauty's emails containing Epsilon's code, Epsilon will receive data about the email recipient, including but not limited to that recipient's IP address.  As noted above, that IP address is then used to, *inter alia*, determine an individual's geographic location (including U.S. state).  In addition, when a user opens an email or clicks a tracked link contained within the email, the Epsilon platform logs a request (typically via tracking pixel or redirect). This request includes the user's IP address, which can be used for geolocation. Geolocation databases resolve IPs to state-level location with a high degree of accuracy.  Moreover, Epsilon partners with ad tech and identity resolution vendors that can match an email address to known consumer profiles that include state or ZIP-level data.

60.    Further, this information is made available to FullBeauty by Epsilon.  Epsilon provides its customers with access to the data it acquires in the form of, *inter alia*, a customer-

FIRST AMENDED CLASS ACTION COMPLAINT  - 28

specific dashboard that allows the customers to look at various metrics related to Epsilon's marketing efforts. One such metric is "demographics," which includes location information. Thus, FullBeauty possesses direct knowledge of where its emails are sent and knows that its unlawful emails are sent to individuals located in Washington.

61.     The above demonstrates that FullBeauty—both directly and through its vendors—acquires data that it uses to determine the location of Plaintiff and Class members. Most obviously, FullBeauty admits to acquiring "location data," but beyond this admission, it also acquires IP addresses, which are unique identifiers associated with a given individual or that individual's mobile device or computer, and which are used to uniquely locate an individual person, such as Plaintiff and Class members.

62.     FullBeauty also knew, should have known, or had reason to know that it sends marketing emails to Washington residents due to its large presence in the state and the volume of marketing emails it sends to people around the country.

63.     Discovery will show that, at the time it sent the emails with false and misleading subject lines, FullBeauty had access to the data described above regarding the location of consumers in Washington to whom it sent the emails.

**D. FullBeauty initiated the transmission of illegal emails to Plaintiff.**

64.     At all times relevant to the FAC, Plaintiff Kempf resided in Washington State.

65.     Plaintiff Kempf has received FullBeauty's emails, which were commercial electronic mail messages, since at least June 2021.

66.     Plaintiff Kempf has received thousands of marketing emails from Woman Within and Catherine's since that date. She receives at least one email a day, and sometimes several emails every day.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

67.    FullBeauty knew, or had reason to know, that Plaintiff Kempf's electronic mail address was held by a Washington resident.  First, FullBeauty has an extensive data set of Plaintiff Kempf, including her state of residency, based on its own collection of her location data and IP address, consistent with the representations in its Privacy Policy, as well as through its use of Epsilon, Adobe, Google, Meta, and other analytics tools.  Second, Plaintiff Kempf also has clicked on links contained in FullBeauty emails from her computer while located in Washington, which was registered to an IP address in Washington at all relevant times, and from her smart phone when she was located in Washington.  FullBeauty could use this click-based IP location data to determine that Plaintiff Kempf was accessing the emails at issue from devices located in Washington.  Third, Plaintiff Kempf has also clicked on FullBeauty advertisements on Instagram and Facebook while located in Washington.  As described above, Meta Pixel transmits click-based IP location data to its clients, which FullBeauty could use to determine that Plaintiff Kempf is in Washington.  Plaintiff Kempf does not use a virtual private network (VPN) or other means to block or attempt to block access to her geolocation.  Thus, based on both its first-party data on Plaintiff Kempf and the third-party data it acquires through its use of marketing and email analytics tools, FullBeauty knew or had reason to know that Plaintiff Kempf's email address was held by a Washington resident.

68.    Separately, Plaintiff's state of residence was available to FullBeauty upon request from the registrant of the internet domain name contained in Plaintiff's electronic mail address.  A public "WHOIS" lookup search of the domain name for Plaintiff's email address indicates that the registrant contact, administrative contact, and technical contact are located in Washington.  Defendant also could have contacted the registrant of Plaintiff's domain to request state residency information about Plaintiff.  Plaintiff has personal knowledge that

FIRST AMENDED CLASS ACTION COMPLAINT  - 30

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    Defendant did not do so. Had it, the registrant would have informed Defendant that Plaintiff

2    resides in Washington.

3       69.    Plaintiff Kempf received each of the emails identified above that she alleges to

4    be false and misleading. These emails were sent between June 2021 and May 2025, showing

5    that FullBeauty engaged in this conduct throughout the relevant period.

6       70.    Plaintiff Kempf does not want to receive emails with false and misleading

7    subject lines from FullBeauty, though she would like to continue receiving truthful information

8    from FullBeauty regarding its products. However, due to FullBeauty's conduct, Plaintiff Kempf

9    cannot tell which emails from FullBeauty contain truthful information or which emails are

10   spam with false and misleading information designed to spur her to make a purchase.

11      71.    Plaintiff continues to receive emails with false and misleading subject lines.

12   FullBeauty is aware of all the emails it has sent Plaintiff, and discovery will show the full

13   number of illegal spam emails FullBeauty has sent throughout the relevant period.

## **CLASS ACTION ALLEGATIONS**

### *Class Definition*

        72.    Plaintiff brings this case as a class action on behalf of a Class defined as:

> All Washington residents who, within four years before the date
> of the filing of this action until the date of trial, received an email
> from or at the behest of Woman Within or Catherine's that
> contained a subject line that (a) states or implies that a particular
> promotion will be available for a specified period of time when
> the actual period for the sale is longer; (b) mischaracterizes the
> nature of the email or disguises its true commercial purpose; (c)
> states without qualification that a particular promotion is
> available for products "sitewide" when that is not the case; or (d)
> states that certain items are being offered at a specific and
> significant percentage discount when, in reality, the reference
> prices used to calculate the percentage discount are illusory.

FIRST AMENDED CLASS ACTION COMPLAINT  - 31

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

73.     The following people are excluded from the proposed Class: (1) any Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current employees, officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released.

*Numerosity and Ascertainability*

74.     The Class is so numerous that joinder of all members is impracticable.

75.     On information and belief, the Class has more than 1,000 members.

76.     The disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

77.     On information and belief, Class members can be identified through Defendant's records.

*Commonality and Predominance*

78.     There are numerous questions of law and fact common to Plaintiff and members of the Class. Common questions of law and fact include, but are not limited to:

     a.    Whether the subject lines of the specified emails were false and misleading;

     b.    Whether all individuals on FullBeauty's email list received the emails;

     c.    Whether FullBeauty initiated the transmission of commercial electronic mail messages to recipients residing in Washington State in violation of RCW 19.190.020;

FIRST AMENDED CLASS ACTION COMPLAINT  - 32

d. Whether Plaintiff and the proposed Class are entitled to an injunction enjoining FullBeauty from sending the unlawful emails in the future; and

e. The nature and extent of classwide injury and damages.

79. The core of this case is Defendant's standard and established practice of initiating commercial emails with false or misleading subject lines to consumers residing in the State of Washington. The common factual and legal issues arising from this conduct predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

***Typicality***

80. Plaintiff's claims are typical of the claims of the Class.

81. Plaintiff, like the members of the Class, resided in Washington when she received the emails at issue.

82. Plaintiff's claims, like the claims of the Class, arise out of a common course of conduct by Defendant. Plaintiff and all Class members suffered the same injury insofar as they received at least one email with a false or misleading subject line.

83. The legal arguments and remedial theories bearing on Plaintiff's claims are typical of the claims of other putative class members.

***Adequacy***

84. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions and class actions involving violations of Washington's consumer protection statutes. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do

FIRST AMENDED CLASS ACTION COMPLAINT  - 33

1    so. Neither Plaintiff nor her counsel have interests that are contrary to or that conflict with those

2    of the proposed Class.

3    *Superiority*

4         85.    Class treatment is superior to multiple individual suits or piecemeal litigation

5    because it conserves judicial resources, promotes consistency and efficiency of adjudication,

6    provides a forum for small claimants, and deters future illegal activity. Class adjudication

7    would serve the interest of individual class members, who would have little incentive to pursue

8    their claims separately because any individual recovery would be small in comparison to the

9    costs of litigation. There is no known litigation concerning the same subject matter. This is an

10    appropriate forum for concentrating the claims of the members of the Class, who are

11    Washington consumers.  Finally, it will be feasible to manage this case as a class action.

12

13    *Injunctive Relief*

14         86.    Defendant's conduct is uniform as to all members of the Class. Defendant has

15    acted or refused to act on grounds that apply generally to the Class, so that final injunctive

16    relief or declaratory relief is appropriate with respect to the Class as a whole. Plaintiff further

17    alleges, on information and belief, that the emails described in this Complaint are substantially

18    likely to continue in the future if an injunction is not entered.

19

20                                    **<u>CLAIMS FOR RELIEF</u>**

21                                          **COUNT I**
22    **Violations of Washington's Commercial Electronic Mail Act, RCW 19.190 *et seq.***
      **On behalf of Plaintiff and the Proposed Class**

23
24         87.    Plaintiff realleges and incorporate by reference each and every allegation set

25    forth in the preceding paragraphs.

26

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

FIRST AMENDED CLASS ACTION COMPLAINT  - 34

88.    Washington's CEMA prohibits any "person," as that term is defined in RCW 19.190.010(11), from initiating or conspiring to initiate the transmission of a commercial electronic mail message from a computer located in Washington or to an electronic mail address that the sender knows or "consciously avoids knowing" is held by a Washington resident that contains false or misleading information in the subject line.

89.    Defendant is a "person" within the meaning of the CEMA, RCW 19.190.010(11).

90.    Defendant initiated the transmission of one or more commercial electronic mail messages to Plaintiff and proposed Class members with false or misleading information in the subject line.

91.    Defendant's acts and omissions violated RCW 19.190.020(1)(b).

92.    Defendant's acts and omissions injured Plaintiff and proposed Class members.

93.    The balance of the equities favors the entry of permanent injunctive relief against Defendant. Plaintiff, the members of the Class, and the general public will be irreparably harmed absent the entry of permanent injunctive relief against Defendant. A permanent injunction against Defendant is in the public interest. Defendant's unlawful behavior is, based on information and belief, ongoing as of the date of the filing of this pleading; absent the entry of a permanent injunction, Defendant's unlawful behavior will not cease and, in the unlikely event that it voluntarily ceases, is likely to reoccur.

94.    Plaintiff and Class members are therefore entitled to injunctive relief in the form of an order enjoining further violations of RCW 19.190.020(1)(b).

//

FIRST AMENDED CLASS ACTION COMPLAINT - 35

**COUNT II**
**Per se violations of Washington's Consumer Protection Act, RCW 19.86 *et seq.***
**On Behalf of Plaintiff and the Proposed Class**

95.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

96.    Plaintiff and Class members are "persons" within the meaning of the CPA, RCW 19.86.010(1).

97.    Defendant violated the CEMA by initiating or conspiring to initiate the transmission of a commercial electronic mail messages to Plaintiff and Class members that contain false or misleading information in the subject line.

98.    A violation of CEMA is a per se violation of the Washington Consumer Protection Act ("CPA"), RCW 19.86.010, *et seq.*; RCW 19.190.030.

99.    A violation of CEMA establishes all five elements of a CPA claim as a matter of law.

100.    Defendant's violations of CEMA are unfair or deceptive acts or practices that occur in trade or commerce under the CPA. RCW 19.190.100.

101.    Defendant's unfair or deceptive acts or practices vitally affect the public interest and thus impact the public interest for purposes of applying the CPA. RCW 19.190.100.

102.    Pursuant to RCW 19.19.040(1), damages to each recipient of a commercial electronic mail message sent in violation of CEMA are the greater of $500 for each such message or actual damages, which establishes the injury and causation elements of a CPA claim as a matter of law. *Lyft*, 406 P.3d at 1155.

103.    As a result of Defendant's acts and omissions, Plaintiff and Class members are entitled to $500 in statutory damages for each and every email that violates the CEMA.

FIRST AMENDED CLASS ACTION COMPLAINT  - 36

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

104.     Defendant engaged in a pattern and practice of violating CEMA.

105.     Plaintiff and Class members are entitled to recover reasonable attorneys' fees and costs, pursuant to RCW 19.86.090.

106.     Plaintiff and members of the Class are also entitled to, and do seek, injunctive relief prohibiting Defendant from violating the CPA in the future.

**<u>REQUEST FOR RELIEF</u>**

WHEREFORE, Plaintiff, on her own behalf and on behalf of the members of the Class, seeks judgment against Defendant and requests that the Court:

A.     Certify the asserted claims, or the issues raised, as a class action;

B.     Appoint Plaintiff as Class Representative;

C.     Appoint the undersigned counsel as counsel for the Class;

D.     Enter declaratory, equitable, and/or injunctive relief as permitted by law to ensure Defendant does not continue to engage in the unlawful conduct described in this Complaint, and an accompanying order that the Court retain jurisdiction for a period of at least six months to ensure that Defendant complies with those measures;

E.     Enter an order to ensure that Defendant is restrained from altering, deleting, or destroying any documents or records that could be used to identify members of the Class;

F.     Award statutory damages where applicable;

G.     Award pre- and post-judgment interest;

H.     Award reasonable attorneys' fees and costs, as allowed by law, including but not limited to RCW 19.86.090; and

I.     Award any other relief the Court deems just or reasonable under the circumstances.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

DATED this 1st day of August, 2025.

TOUSLEY BRAIN STEPHENS PLLC


By: *s/Jason T. Dennett*
    Jason T. Dennett, WSBA #30686
    jdennett@tousley.com
    Kaleigh N. Boyd, WSBA #52684
    kboyd@tousley.com
    1200 Fifth Avenue, Suite 1700
    Seattle, Washington 98101
    Telephone: 206.682.5600/Fax: 206.682.2992

    Edwin J. Kilpela, Jr. (admitted *pro hac vice*)
    James Lamarca (admitted *pro hac vice*)
    WADE KILPELA SLADE LLP
    6425 Living Place, Suite 200
    Pittsburgh, PA 15206
    Tel.: 412-314-0515
    E-mail: ek@waykayslay.com
    E-mail: jlamarca@waykayslay.com

    Evan E. North (admitted *pro hac vice*)
    NORTH LAW PLLC
    1900 Market Street, Suite 800
    Philadelphia, PA 19103
    Tel.: 202-921-1651
    E-mail: evan@northlawpllc.com

    ***Attorneys for Plaintiff and the Proposed Class***

FIRST AMENDED CLASS ACTION COMPLAINT - 38

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992