The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JULIE ANNE KEMPF, on behalf of herself and all others similarly situated,

Plaintiff,

v.

FULLBEAUTY BRANDS OPERATIONS, LLC, an Indiana limited liability company,

Defendant.

No. 2:25-cv-01141-RSM

FULLBEAUTY BRANDS OPERATIONS, LLC'S MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY

*Oral Argument Requested*

NOTED ON MOTION CALENDAR: January 23, 2026

FULLBEAUTY'S MOTION FOR PROTECTIVE
ORDER TO STAY DISCOVERY
(Case No. 2:25-cv-01141-RSM)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
(206) 622-3150 main · (206) 757-7700 fax

# TABLE OF CONTENTS

I.    INTRODUCTION ............................................................................................................ 1

II.   BACKGROUND ............................................................................................................. 2

III.  ARGUMENT .................................................................................................................. 4

      A.    Legal Standard. ................................................................................................... 4

      B.    Good Cause Exists to Stay Discovery. ............................................................... 5

            1.    The Threshold Legal Questions Raised in FullBeauty's Motion
                  to Dismiss Are Potentially Dispositive. ................................................... 6

            2.    Discovery Is Not Necessary to Resolve FullBeauty's Motion
                  to Dismiss.................................................................................................. 7

            3.    A Stay Would Not Prejudice Plaintiff. ..................................................... 8

            4.    Plaintiff's Burdensome Discovery Requests Further Weigh in
                  Favor of a Stay. ........................................................................................ 9

            5.    Resolving the Motion to Dismiss Before Permitting Discovery
                  Will Promote Judicial Efficiency. ........................................................... 11

IV.   CONCLUSION ............................................................................................................... 12

FULLBEAUTY'S MOTION FOR PROTECTIVE
ORDER TO STAY DISCOVERY - i
(Case No. 2:25-cv-01141-RSM)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
(206) 622-3150 main · (206) 757-7700 fax

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Ahern Rentals Inc. v. Mendenhall*,
  2020 WL 8678084 (W.D. Wash. 2020) ...................................................................................6

*Arcand v. Catalyst Brands LLC*,
  No. 2:25-cv-01445 (W.D. Wash. Nov. 24, 2025) ..................................................................10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..............................................................................................................11

*Bajwa v. Nat'l Auto. Parts Ass'n*,
  No. 25-cv-2280 (W.D. Wash. Nov. 24, 2025) .......................................................................10

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ..............................................................................................................11

*Blackstone Int'l, Ltd. v. E2 Ltd.*,
  2022 WL 522950 (W.D. Wash. 2022) ..................................................................................6, 7

*CMAX, Inc. v. Hall*,
  300 F.2d 265 (9th Cir. 1962) ..................................................................................................9

*Dietz v. Bouldin*,
  579 U.S. 40 (2016) ..................................................................................................................4

*Gordon v. Virtumundo, Inc.*,
  575 F.3d 1040 (9th Cir. 2009) ................................................................................................6

*Healy v. Beer Inst., Inc.*,
  491 U.S. 324 (1989) ................................................................................................................7

*Heck v. Amazon.com, Inc.*,
  2022 WL 16579372 (N.D. Cal. 2022) .....................................................................................6

*Hill v. Wash. State Dep't of Corr.*,
  2008 WL 2224314 (W.D. Wash. 2008) ...................................................................................8

*Hold Sec. LLC v. Microsoft Corp.*,
  2023 WL 7920434 (W.D. Wash. 2023) ........................................................................ *passim*

*Holmberg v. Gregoire*,
  2009 WL 3248054 (W.D. Wash. 2009) .................................................................................10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
(206) 622-3150 main · (206) 757-7700 fax

*HUB Int'l Nw. LLC v. Larson*,
   2023 WL 2527150 (W.D. Wash. 2023) ....................................................................................6

*Jarvis v. Regan*,
   833 F.2d 149 (9th Cir. 1987) ..............................................................................................7, 8

*Jensen v. Cap. One Fin. Corp.*,
   2024 WL 4554408 (W.D. Wash. 2024) ...................................................................................9

*Leyva v. Certified Grocers of Cal., Ltd.*,
   593 F.2d 857 (9th Cir. 1979) ..................................................................................................9

*Little v. City of Seattle*,
   863 F.2d 681 (9th Cir. 1988) ..................................................................................................4

*Lloyd's Syndicate 2112 v. Meridian Drywall Inc.*,
   2013 WL 4774456 (W.D. Wash. 2013) ...................................................................................8

*Lockyer v. Mirant Corp.*,
   398 F.3d 1098 (9th Cir. 2005) .......................................................................................2, 5, 12

*Magassa v. Wolf*,
   2020 WL 2307477 (W.D. Wash. 2020) ..........................................................................6, 7, 12

*Malone v. Clark Nuber, P.S.*,
   2008 WL 8933296 (W.D. Wash. 2008) .................................................................................11

*Moore v. Robinhood Financial LLC*,
   No. 2:21-CV-01571-BJR (W.D. Wash. May 24, 2022) ........................................................10

*New World Med. Inc. v. Microsurgical Tech. Inc.*,
   2021 WL 366106 (W.D. Wash. 2021) .....................................................................................9

*Perkins v. Glob. Custom Com., Inc.*,
   No. 25-cv-1750 (W.D. Wash. Oct. 6, 2025) .........................................................................10

*Rae v. Union Bank*,
   725 F.2d 478 (9th Cir. 1984) ..................................................................................................4

*Rutman Wine Co. v. E. & J. Gallo Winery*,
   829 F.2d 729 (9th Cir. 1987) .............................................................................................4, 11

*S.S. v. Microsoft Corp. Welfare Plan*,
   2014 WL 12641201 (W.D. Wash. 2014) ...............................................................................11

*Silbaugh v. Chao*,
   2018 WL 2317555 (W.D. Wash. 2018) ...................................................................................4

FULLBEAUTY'S MOTION FOR PROTECTIVE
ORDER TO STAY DISCOVERY - iii
(Case No. 2:25-cv-01141-RSM)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
(206) 622-3150 main · (206) 757-7700 fax

*Stephens v. LVNV Funding, LLC*,
    2013 WL 1069259 (D. Nev. 2013) ........................................................................................8

*Subspace Omega, LLC* v. *Amazon Web Servs., Inc.*,
    2024 WL 4451404 (W.D. Wash. 2024) ..............................................................................5

*Travelers Prop. Cas. Co. of Am. v. H.D. Fowler Co.*,
    2020 WL 832888 (W.D. Wash. 2020) ................................................................................5

*United Fin. Cas. Co. v. Aman Expedite, LLC*,
    2024 WL 4625440 (W.D. Wash. 2024) ............................................................................7, 9

*United States v. Ctr. for Diagnostic Imaging, Inc.*,
    2010 WL 11682231 (W.D. Wash. 2010)..........................................................................11, 12

*Wenger v. Monroe*,
    282 F.3d 1068 (9th Cir. 2002) ..........................................................................................4

*Zeiger v. Hotel Cal. by the Sea LLC*,
    2022 WL 1499670 (W.D. Wash. 2022) ..............................................................................1

**Federal Statutes**

15 U.S.C. § 7707(b)(1) ............................................................................................................6

**State Statutes**

RCW 19.190.060 .....................................................................................................................2

RCW Chapter 19.86...................................................................................................................2

**Rules**

Fed. R. Civ. P. 12....................................................................................................................11

Fed. R. Civ. P. 12(b) ..............................................................................................................8

Fed. R. Civ. P. 12(b)(6)..........................................................................................................10

Fed. R. Civ. P. 26(c) ...............................................................................................................1

Fed. R. Civ. P. 26(c)(1)(B) ....................................................................................................4

Fed. R. Civ. P. 26(f)............................................................................................................3, 10

**Constitutional Provisions**

U.S. Const. art.. I, § 8, cl. 3.............................................................................................1, 3, 6, 8

FULLBEAUTY'S MOTION FOR PROTECTIVE
ORDER TO STAY DISCOVERY - iv
(Case No. 2:25-cv-01141-RSM)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
(206) 622-3150 main · (206) 757-7700 fax

## I.      INTRODUCTION

To avoid the potentially unnecessary burden of responding to Plaintiff Julie Anne Kempf's overbroad discovery requests, and to ensure that any discovery is aligned with the Court's resolution of disputed legal questions of statutory and constitutional interpretation, Defendant FullBeauty Brands Operations, LLC ("FullBeauty") seeks a protective order under Federal Rule of Civil Procedure 26(c) briefly staying discovery until the Court rules on FullBeauty's pending, fully briefed Motion to Dismiss. *See* Dkt. 25. Each of the five factors that courts in this District consider favors staying discovery.

*First*, the Court should stay discovery because FullBeauty's Motion to Dismiss is "potentially dispositive of the entire case." *Zeiger v. Hotel Cal. by the Sea LLC*, 2022 WL 1499670, at *2 (W.D. Wash. 2022) (citation modified). FullBeauty's Motion to Dismiss raises two threshold legal issues, either of which could dispose of the case in full: FullBeauty argues that Plaintiff's Washington Commercial Electronic Mail Act ("CEMA") claim is preempted by the Federal CAN-SPAM Act and unconstitutional under the dormant Commerce Clause of the U.S. Constitution. Dkt. 25 at 5–19.

*Second*, FullBeauty's Motion to Dismiss raises threshold questions of law which may be resolved without conducting discovery.

*Third*, FullBeauty would face unnecessary hardship if required to engage in burdensome fact discovery at this stage in the litigation. Plaintiff has already propounded thirty sweeping, data-intensive discovery requests seeking class-wide information that will require substantial resources for FullBeauty's response. These requests call for troves of data (including data on every single promotional email sent during the Class Period) that could take months to query, collect, review, and produce.

*Fourth*, Plaintiff will suffer no prejudice from pausing discovery for at most a few months. FullBeauty's Motion to Dismiss has been ripe for decision since November 14, 2025. Dkt. 34. No scheduling order has been entered and no trial date has been set.

FULLBEAUTY'S MOTION FOR PROTECTIVE
ORDER TO STAY DISCOVERY - 1
(Case No. 2:25-cv-01141-RSM)

*Fifth*, a stay would support the "orderly course of justice" because resolving the Motion to Dismiss first will "simplify issues, proof, and questions of law" regarding Plaintiff's theories of liability under CEMA, RCW 19.190.060, and the Washington Consumer Protection Act ("CPA"), RCW ch. 19.86. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citation modified). Even if the case is not dismissed in its entirety, resolution of the Motion to Dismiss will decide disputed questions of law and statutory interpretation that will impact the scope of discovery, including: (1) whether Plaintiff must prove that she and other class members were in Washington when they received the emails at issue; (2) whether Plaintiff must prove the elements of a traditional tort; and (3) whether Plaintiff must demonstrate that any extensions of sales were predetermined. *See* Dkt. 25. The Court need not decide the merits of the pending Motion to Dismiss in order to conclude that a stay of discovery is appropriate. Because resolution of the Motion to Dismiss will either resolve the case entirely or direct the course of discovery, a stay of discovery is warranted.

## II.    BACKGROUND

On May 15, 2025, Plaintiff filed her Complaint in King County Superior Court, alleging that she received "misleading" marketing emails from FullBeauty brands Catherine's and Woman Within. *See generally* Dkt. 1 Ex. B. Plaintiff alleges that the subject lines of these promotional emails were misleading because they allegedly purported to advertise limited-time offers that were ultimately extended, characterized the emails in ways that concealed their commercial purpose, described promotions as "sitewide" when they were not, and relied on reference prices that exaggerated the stated percentage discounts. *See generally id*. Notably absent from her Complaint is any allegation that Plaintiff opened the emails, read them, or sustained any actual damages from receiving any of the emails, or that she was physically located in Washington during any such email interaction. *Id.* Plaintiff purports to bring this case on behalf of a putative class of Washington residents who received allegedly misleading emails from Catherine's or Woman Within, regardless of whether the emails were sent or received in Washington, and seeks $500 per email in statutory damages. *See id.* ¶¶ 4, 56-57, 86.

FULLBEAUTY'S MOTION FOR PROTECTIVE
ORDER TO STAY DISCOVERY - 2
(Case No. 2:25-cv-01141-RSM)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
(206) 622-3150 main · (206) 757-7700 fax

FullBeauty removed the case to this Court on June 18, 2025, Dkt. No. 1, and moved to dismiss, Dkt. 17. Plaintiff then filed an Amended Complaint, which added several inconsequential allegations. Dkt. 22. FullBeauty moved to dismiss the Amended Complaint on September 2, 2025. Dkt. 25. The Motion to Dismiss raises three independent arguments which could dispose of the case in its entirety: (1) the Federal CAN-SPAM Act preempts Plaintiff's CEMA claim; (2) the dormant Commerce Clause renders CEMA unconstitutional; and (3) Plaintiff's factual allegations fail to establish that FullBeauty knew or had a reason to know that Plaintiff was a Washington resident. The Motion to Dismiss further contends that Plaintiff does not adequately allege that FullBeauty's extended sales were predetermined. *See generally id*. Plaintiff responded on October 2, 2025, and FullBeauty filed its reply on November 14, 2025. *See* Dkts. 27, 34. That Motion to Dismiss is fully briefed and ripe for decision by the Court.

The parties conducted their Rule 26(f) conference on October 6, 2025, exchanged initial disclosures on October 14, 2025, and filed their Joint Status Report with the Court on October 20, 2025. *See* Dkt. 32. During the Rule 26(f) conference, counsel for Plaintiff and FullBeauty discussed FullBeauty's request to stay discovery pending resolution of the Motion to Dismiss. Declaration of Lauren Rainwater ("Rainwater Decl.") ¶ 2. Plaintiff's counsel declined to agree to a stay of discovery. *Id.* FullBeauty noted in the Joint Status Report its position that discovery should be stayed pending resolution of the Motion to Dismiss and requested a scheduling conference with the Court to address the issue. Dkt. 32 at 6.

On November 25, 2025, Plaintiff served FullBeauty with thirty burdensome, overbroad discovery requests. Rainwater Decl. ¶¶ 4–5 & Exs. A–B. These sweeping requests effectively seek, among other things, every single "Promotional Email[] sent during the Class Period" along with data regarding each recipient of and the creation of each email along with where or when it was "sent, opened, and clicked." *Id*. Ex. A, RFP Nos. 1-2, 9, 11. Additionally, the sweeping requests seek data on every single marketing campaign or test plan, along with any related analytics. *Id.* RFP Nos. 4–7, 10, 12, 15. Plaintiff also requests that FullBeauty identify every single Washington "recipient[] of [FullBeauty's] Promotional Emails." *Id.* RFP No. 9. These

FULLBEAUTY'S MOTION FOR PROTECTIVE
ORDER TO STAY DISCOVERY - 3
(Case No. 2:25-cv-01141-RSM)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
(206) 622-3150 main · (206) 757-7700 fax

requests seek information that is voluminous and not readily available in any standard report. *Id.* ¶ 6; *see also generally id.*, Exs. A–B. FullBeauty will have to devote countless hours and resources to gather, review, and prepare data that may be ultimately unnecessary to produce if the Court grants its Motion to Dismiss. FullBeauty served objections to these Requests on December 23, 2025. *Id.* The parties further met and conferred regarding a stay of discovery pending this Court's ruling on FullBeauty's Motion to Dismiss on January 9, 2026, and were unable to reach agreement. *Id*. ¶ 3.

### III.    ARGUMENT

#### A.    Legal Standard.

This Court has "wide discretion in controlling discovery" including structuring and sequencing discovery in a sensible, cost-effective way. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *see also Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.") (collecting cases); Fed. R. Civ. P. 26(c)(1)(B) (authorizing court to protect party from "undue burden or expense" by "specifying terms, including time … for the disclosure or discovery"). "District courts have broad discretion to stay discovery on a showing of 'good cause.'" *Silbaugh v. Chao*, 2018 WL 2317555, at *1 (W.D. Wash. 2018) (quoting Fed. R. Civ. P. 26(c)).

The Ninth Circuit has repeatedly affirmed district court decisions staying discovery when motions to dismiss are pending. *See, e.g.*, *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) ("no error" in entering protective order to stay discovery pending motion to dismiss); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (affirming district court's decision to stay discovery pending resolution of a motion to dismiss); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery.").

When determining whether a stay pending a decision on a motion to dismiss is warranted,

FULLBEAUTY'S MOTION FOR PROTECTIVE
ORDER TO STAY DISCOVERY - 4
(Case No. 2:25-cv-01141-RSM)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
(206) 622-3150 main · (206) 757-7700 fax

courts in the Western District of Washington use various frameworks, and the present case satisfies them all. Under one framework, courts consider two factors: (1) whether the pending motion could dispose of the entire case; and (2) whether the motion could be decided without additional discovery. *See, e.g.*, *Travelers Prop. Cas. Co. of Am. v. H.D. Fowler Co.*, 2020 WL 832888, at \*1 (W.D. Wash. 2020). Under a second framework, courts weigh the competing interests of the parties, including (1) "the possible damage which may result from the granting of a stay;" (2) "the hardship or inequity which a party may suffer in being required to go forward;" and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer*, 398 F.3d at 1110 (citation modified); *see also Hold Sec. LLC v. Microsoft Corp.*, 2023 WL 7920434, at \*2 (W.D. Wash. 2023). While the mere existence of a motion to dismiss may be insufficient to establish good cause for a stay, "cases that require prohibitive and large amounts of discovery" can demonstrate hardship under the Ninth Circuit's *Lockyer* factors. *See Hold*, 2023 WL 7920434, at \*2. Recent decisions have combined these five factors to consider when weighing whether discovery should be stayed. *Subspace Omega, LLC* v. *Amazon Web Servs., Inc.*, 2024 WL 4451404, at \*1 (W.D. Wash. 2024) (citing *HUB Int'l Nw. LLC v. Larson*, 2023 WL 2527150 (W.D. Wash. 2023)).

Each of these factors counsel in favor of a stay.

**B.    Good Cause Exists to Stay Discovery.**

Full Beauty's Motion to Dismiss raises case-dispositive, purely legal issues that do not require discovery for their resolution. Plaintiff suffers no prejudice from briefly delaying responses to its overly burdensome discovery requests, and resolution of the Motion to Dismiss would provide guidance on the scope of appropriate discovery, promoting efficiency. Because all factors weigh in favor of a stay, FullBeauty requests that this Court grant its motion seeking a protective order and stay discovery until the Motion to Dismiss is resolved.

FULLBEAUTY'S MOTION FOR PROTECTIVE
ORDER TO STAY DISCOVERY - 5
(Case No. 2:25-cv-01141-RSM)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
(206) 622-3150 main · (206) 757-7700 fax

### 1.     The Threshold Legal Questions Raised in FullBeauty's Motion to Dismiss Are Potentially Dispositive.

The Court should stay discovery because FullBeauty's motion to dismiss is "*potentially dispositive of the entire case.*" *Heck v. Amazon.com, Inc.*, 2022 WL 16579372, at *2 (N.D. Cal. 2022) (citation modified) ("The Court expresses no opinion on the merits of the motion to dismiss."); *accord Ahern Rentals Inc. v. Mendenhall*, 2020 WL 8678084, at *1 (W.D. Wash. 2020). As this Court has recognized, a stay of discovery can be prudent when a motion that could dispose of the case is pending. *Blackstone Int'l, Ltd. v. E2 Ltd.*, 2022 WL 522950, at *2 (W.D. Wash. 2022); *Magassa v. Wolf*, 2020 WL 2307477, at *1 (W.D. Wash. 2020); *see also Hold*, 2023 WL 7920434, at *2. In particular, a stay may be appropriate when a pending motion to dismiss "involves pure questions of law that are dispositive … or other indications that discovery would likely be unnecessary." *HUB*, 2023 WL 2527150, at *3; *see also Hold*, 2023 WL 7920434, at *2.

FullBeauty's Motion to Dismiss raises two threshold questions of law, and the resolution of either of these threshold questions in FullBeauty's favor could entirely dispose of the case. Dkt. 25.

First, Plaintiff's purported use of CEMA is preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing Act ("CAN-SPAM"), which regulates commercial email nationwide. CAN-SPAM preempts any state law, such as CEMA, that "expressly regulates the use of electronic mail to send commercial messages." 15 U.S.C. § 7707(b)(1). CAN-SPAM's broad preemption exception preserves only "traditional tort theories such as claims arising from fraud or deception to commercial e-mail communication," *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1063 (9th Cir. 2009), and Plaintiff fails to bring any claim under these exceptional theories. CAN-SPAM preempts Plaintiff's CEMA claim as a matter of law because she fails to allege the necessary elements of (1) materially false representations; (2) reliance on those representations; or (3) any actual harm or damages caused by those representations. *See* Dkt. 25 at 5–11.

Second, the dormant Commerce Clause invalidates CEMA under two independent grounds: (1) CEMA "directly controls commerce occurring wholly outside the boundaries of a

FULLBEAUTY'S MOTION FOR PROTECTIVE
ORDER TO STAY DISCOVERY - 6
(Case No. 2:25-cv-01141-RSM)

State," *Healy v. Beer Inst., Inc.*, 491 U.S. 324, 336 (1989), as it applies to emails sent from outside Washington to "Washington residents," regardless of where the recipient is located at the time; and (2) CEMA excessively burdens interstate commerce by projecting Washington's regulatory scheme nationwide and making it infeasible for out-of-state entities to avoid its reach.

A decision in FullBeauty's favor on any of these issues would result in dismissal of both Plaintiff's CEMA and CPA claims in their entirety. *See* Dkt. 25. This court has agreed in similar circumstances that threshold issues warrant a brief stay. *Magassa*, 2020 WL 2307477, at *1 (granting a stay of discovery "given the early stage of this case [and] the nature of the [immunity] arguments" raised in the motion to dismiss); *Blackstone*, 2022 WL 522950, at *2 ("Here, given the [jurisdictional] nature of the arguments raised ... the Court finds that a stay of discovery is warranted an in the interests of judicial economy."). Because the Motion to Dismiss will decide "questions of law that are dispositive" and is not dependent on "fact-intensive inquiries that might be resolved by further discovery," a stay of discovery is appropriate. *Hold*, 2023 WL 7920434, at *1.

### 2.    Discovery Is Not Necessary to Resolve FullBeauty's Motion to Dismiss.

FullBeauty's Motion to Dismiss challenges Plaintiff's theory of liability as a matter of law, not fact. Discovery is unnecessary where, as here, a motion to dismiss identifies facial deficiencies in a complaint that could dispose of the claims. *See Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (affirming order staying discovery where "the district court accepted the facts alleged by the appellants as true, but found them deficient as a matter of law"); *United Fin. Cas. Co. v. Aman Expedite, LLC*, 2024 WL 4625440, at *4 (W.D. Wash. 2024) (granting motion to stay where motion to dismiss argued that the facts, "as pled" and assumed to be true, undermined plaintiff's legal theory).

FullBeauty's Motion to Dismiss identifies fatal deficiencies in Plaintiffs' allegations, and the Court can—and should—dismiss the Amended Complaint solely based on Plaintiffs' own allegations and the documents incorporated by reference in the Amended Complaint.

FULLBEAUTY'S MOTION FOR PROTECTIVE
ORDER TO STAY DISCOVERY - 7
(Case No. 2:25-cv-01141-RSM)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
(206) 622-3150 main · (206) 757-7700 fax

Moreover, the Motion to Dismiss raises two threshold legal issues. "[N]o discovery is necessary for the court to address and issue a ruling on" FullBeauty's argument that Plaintiff's "state law claims are preempted." *See Stephens v. LVNV Funding, LLC*, 2013 WL 1069259, at *5 (D. Nev. 2013) (granting motion to stay discovery). Rather, FullBeauty's federal preemption claim addresses a threshold legal issue that relies on what Plaintiff failed to allege (materiality, harm, and reliance). Similarly, discovery is not necessary to resolve FullBeauty's threshold argument that Plaintiff's claim is unconstitutional under the dormant Commerce Clause. *See Hill v. Wash. State Dep't of Corr.*, 2008 WL 2224314, at *1 (W.D. Wash. 2008) (granting motion to stay pending resolution of motion to dismiss raising "threshold" constitutional claims). Indeed, FullBeauty alleges that CEMA is facially invalid, a determination that does not require any discovery from FullBeauty.

Plaintiff's discovery requests regarding promotional emails, marketing campaigns, and other volumes of business data are not germane to questions of the constitutionality or federal preemption of a state statute. Nor is discovery necessary to determine if Plaintiff has met the basic pleading requirements of her claim. Indeed, as is the case here, if a motion to dismiss does not raise any issues of fact, and only raises issues of law, there is no question that the Court can rule upon it without any discovery whatsoever. *Jarvis*, 833 F.2d at 155 ("Discovery is only appropriate where there are factual issues raised by a Rule 12(b) motion.").

### 3.    A Stay Would Not Prejudice Plaintiff.

Plaintiff "cannot articulate any damage, beyond general delay, [she would] face" if a stay were granted. *Lloyd's Syndicate 2112 v. Meridian Drywall Inc.*, 2013 WL 4774456, at *2 (W.D. Wash. 2013).

First, a stay would not require adjustment of pretrial deadlines or trial date. *Cf. Hold*, 2023 WL 7920434, at *2. This case has been pending only a few months, and the parties recently submitted their Joint Status Report and Discovery Plan on October 20, 2025, outlining their proposals for case scheduling and discovery, including FullBeauty's request for a stay of discovery while the Motion to Dismiss is pending. *See* Dkt. 32. A full case schedule has not yet

FULLBEAUTY'S MOTION FOR PROTECTIVE
ORDER TO STAY DISCOVERY - 8
(Case No. 2:25-cv-01141-RSM)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
(206) 622-3150 main · (206) 757-7700 fax

been entered, and no extensions to the discovery schedule have been made. Because the motion is ripe for decision, a stay would be brief.

Second, a temporary stay would not affect Plaintiff's ability to recover damages. Plaintiff's alleged injuries under CEMA and the CPA due to allegedly misleading email subject lines do not rise to the level of an "*urgent … statutory right.*" *See Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979) (emphasis added) (requiring district court to consider "the urgent nature of the statutory right to minimum compensation"); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268–69 (9th Cir. 1962) (no abuse of discretion in granting stay where delay in possible monetary recovery was only prejudice).

### 4.    Plaintiff's Burdensome Discovery Requests Further Weigh in Favor of a Stay.

Allowing discovery to proceed while FullBeauty's Motion to Dismiss is pending risks imposing substantial expenses, burdens, and undue prejudice on FullBeauty. "When faced with claims that may not survive the pleading stage—such as in this motion—courts in this district focus on whether the movant will be faced with unnecessary burdens and expenses that can be avoided if the case is dismissed." *United Fin. Cas. Co.*, 2024 WL 4625440, at *3 (collecting cases); *see New World Med. Inc. v. Microsurgical Tech. Inc.*, 2021 WL 366106, at *1 (W.D. Wash. 2021) ("[C]ourts will seek to limit the burden on parties and on itself when there is potential for an action to be dismissed in its entirety.").

On November 25, 2025, Plaintiff propounded sweeping and burdensome class-wide discovery. Plaintiff's discovery requests involve "prohibitive and large amounts of discovery" seeking volumes of emails and related business data. *See Hold*, 2023 WL 7920434, at *2. A court in this district similarly recognized that putative class discovery for "tens of thousands" of Washington residents relating to a marketing campaign was "particularly challenging and expensive" and warranted a stay of discovery. *Jensen v. Cap. One Fin. Corp.*, 2024 WL 4554408, at *1 (W.D. Wash. 2024). Given the breadth of and burden imposed by Plaintiff's discovery requests—including requests for large volumes of promotional emails and documents

FULLBEAUTY'S MOTION FOR PROTECTIVE
ORDER TO STAY DISCOVERY - 9
(Case No. 2:25-cv-01141-RSM)

related to all promotions generally, substantial time and expense will be necessary to: (1) evaluate, make objections to, and confer with Plaintiff regarding the requests; (2) seek Court intervention if the parties are unable to agree on a reasonable scope for the requested discovery; and (3) collect, review, and produce responsive documents. It would likely take weeks or months to query and retrieve this data (if it is feasible at all), let alone review and produce it. Furthermore, FullBeauty believes that much of this requested discovery has limited relevance at this stage of the litigation where a class has not been certified. The likely cost of discovery to FullBeauty at this stage in the proceedings would be substantial, and weighs in favor of granting a stay. *See, e.g.*, *Holmberg v. Gregoire*, 2009 WL 3248054, at \*1 (W.D. Wash. 2009).

For these reasons, another court in this district granted a temporary stay of discovery under similar circumstances. In *Moore v. Robinhood Financial LLC*, No. 2:21-CV-01571-BJR, (W.D. Wash. May 24, 2022), Dkt. 60, Judge Rothstein granted a stay of discovery during the pendency of a similar motion to dismiss a CEMA and CPA putative class action. In that case, the plaintiff had propounded similarly broad requests for all data from the defendant's databases related to its referral program. The court temporarily stayed all discovery pending resolution of Robinhood's motion to dismiss, with the exception of reproduction of limited materials from a related litigation, such as deposition transcripts, declarations filed under seal, and very limited document productions that had already been produced and thus could be reproduced in *Moore* with little additional effort. *Id.*[1] Likewise, in at least three other cases involving nearly identical CEMA and CPA claims, judges in this District struck all initial case deadlines pending resolution of similar motions, effectively staying discovery in those matters, as discovery cannot commence until after the Rule 26(f) conference. *See, e.g., Arcand v. Catalyst Brands LLC*, No. 2:25-cv-01445 (W.D. Wash. Nov. 24, 2025), Dkt. 19; *Perkins v. Glob. Custom Com., Inc.*, No. 25-cv-1750 (W.D. Wash. Oct. 6, 2025); *Bajwa v. Nat'l Auto. Parts Ass'n*, No. 25-cv-2280 (W.D. Wash. Nov. 24, 2025).

---

[1] No such existing set of previously collected, responsive discovery material exists here.

FULLBEAUTY'S MOTION FOR PROTECTIVE
ORDER TO STAY DISCOVERY - 10
(Case No. 2:25-cv-01141-RSM)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
(206) 622-3150 main · (206) 757-7700 fax

A brief stay in this case will further the purpose of Rule 12(b)(6) "to enable [FullBeauty] to challenge the legal sufficiency of [the] complaint[] without subjecting [itself] to discovery" at a very early stage in the litigation. *See Rutman*, 829 F.2d at 738 (citations omitted). The Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), reinforces why courts should stay discovery pending threshold motions, especially in putative class actions like this. In *Twombly*, the Court stressed that district courts should bear in mind that discovery in class litigation imposes unusual burdens and that, therefore, "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Id*. at 558–59 (citation modified). The Court explained that the "threat of discovery expense will push cost-conscious defendants to settle even anemic cases," and that only through a Rule 12 motion can courts "hope to avoid the potentially enormous expense of discovery in cases with no reasonably founded hope that the discovery process will reveal relevant evidence." *Id*. at 569 (citation modified). With FullBeauty's Motion to Dismiss pending, discovery should be stayed, particularly because this case is a putative statewide class action. Under *Twombly*, unless and until Plaintiff allege a plausible claim, they "[are] not entitled to discovery, cabined or otherwise." *Ashcroft v. Iqbal*, 556 U.S. 662, 664–65 (2009).

### 5.    Resolving the Motion to Dismiss Before Permitting Discovery Will Promote Judicial Efficiency.

"[S]taying discovery ... will promote efficiency and judicial economy, particularly given the possibility that the claims could be dismissed and discovery and the expenses associated therewith would not be necessary at this time." *S.S. v. Microsoft Corp. Welfare Plan*, 2014 WL 12641201, at *1 (W.D. Wash. 2014) (Martinez, J.) (granting defendant's motion to stay discovery because the case was "in its infancy" and a stay would "not prejudice either party").

"Even if [FullBeauty's Motion to Dismiss is] not granted in full," Plaintiff's theory of liability suffers from multiple other defects and "the Court's rulings on the [Motion to Dismiss] may narrow the issues and the appropriate scope of discovery." *Malone v. Clark Nuber, P.S.*, 2008 WL 8933296, at *1 (W.D. Wash. 2008) (denying motion to lift stay on discovery); *see also*

FULLBEAUTY'S MOTION FOR PROTECTIVE
ORDER TO STAY DISCOVERY - 11
(Case No. 2:25-cv-01141-RSM)

*United States v. Ctr. for Diagnostic Imaging, Inc.*, 2010 WL 11682231, at \*2 (W.D. Wash. 2010). The Court's ruling on the Motion to Dismiss will thus be instructive in dictating the scope of relevant discovery and will provide guidance on whether Plaintiff must establish : (1) that she and other class members were in Washington when they received the emails at issue; (2) the elements of a traditional tort; and (3) that any extensions of sales were predetermined. *See* Dkt. 25; *see Ctr. for Diagnostic Imaging*, 2010 WL 11682231, at \*2 (granting stay where it would "preserve[] judicial resources because the Court w[ould] not be required to address potential motions related to discovery issues that may become moot" after a ruling on the motion").

Furthermore, the requested stay will be relatively short given that FullBeauty's Motion to Dismiss is already fully briefed. *See Magassa*, 2020 WL 2307477, at \*1 ("[G]iven the early stage of this case, the nature of the arguments raised in Defendants' motions to dismiss, and the fact that both dispositive motions will be fully briefed as of May 8, 2020, the Court finds that a brief stay of discovery is warranted and in the interests of judicial economy."). Thus, the "orderly course of justice" is served by a stay. *See Lockyer*, 398 F.3d at 1110.

## IV.    CONCLUSION

For these reasons, FullBeauty respectfully requests that the Court enter a protective order staying all discovery until the Court rules on FullBeauty's Motion to Dismiss.

///

///

///

FULLBEAUTY'S MOTION FOR PROTECTIVE
ORDER TO STAY DISCOVERY - 12
(Case No. 2:25-cv-01141-RSM)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
(206) 622-3150 main · (206) 757-7700 fax

DATED this 9th day of January, 2026.

Davis Wright Tremaine LLP


By  s/ *Lauren B. Rainwater*
Lauren B. Rainwater, WSBA #43625
Emily Parsons, WSBA #57061
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 206-622-3150
E-mail: laurenrainwater@dwt.com
E-mail: emilyparsons@dwt.com

Jacob Harper, *pro hac vice*
350 South Grand Avenue, 27th Floor
Los Angeles, CA  90071
Telephone: 213-633-6800
E-mail: jharper@dwt.com

*Attorneys for Defendant*

*I certify that this memorandum contains 4,189 words, in compliance with the Local Civil Rules.*

**LCR 26(c)(1) Certification**: Counsel for FullBeauty certifies that it held a teleconference with Plaintiff's counsel on January 9, 2026, regarding staying discovery pending resolution of FullBeauty's Motion to Dismiss. The parties were unable to reach an agreement.

FULLBEAUTY'S MOTION FOR PROTECTIVE
ORDER TO STAY DISCOVERY - 13
(Case No. 2:25-cv-01141-RSM)