The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JULIE ANNE KEMPF, on behalf of herself and all others similarly situated,

Plaintiff,

v.

FULLBEAUTY BRANDS OPERATIONS, LLC, an Indiana limited liability company,

Defendant.

No. 2:25-cv-01141-RSM

FULLBEAUTY BRANDS OPERATIONS, LLC'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY

*Oral Argument Requested*

NOTED ON MOTION CALENDAR:
January 23, 2026

FULLBEAUTY'S MOTION FOR PROTECTIVE
ORDER TO STAY DISCOVERY
(Case No. 2:25-cv-01141-RSM)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
(206) 622-3150 main · (206) 757-7700 fax

## I.    INTRODUCTION

FullBeauty's Motion to Dismiss (Dkt. 25) is precisely the type of motion that warrants a brief stay of discovery. All five factors considered by courts in this Circuit favor a stay. The Motion to Dismiss raises threshold legal issues which could dispose of the case without the need for discovery, potentially rendering Plaintiff's expansive and burdensome discovery requests entirely moot. Plaintiff remains unable to articulate any actual prejudice from the brief requested stay, apart from delaying hypothetical injunctive relief which Plaintiff has made no attempt to expedite. Conversely, responding to Plaintiff's broad and burdensome discovery requests while this motion is pending would severely prejudice FullBeauty, particularly if the Court narrowed the issues by granting some or all of the relief requested in the Motion to Dismiss.

Unable to meaningfully dispute the stay factors, Plaintiff rehashes the arguments from her motion to compel (Dkt. 40), insisting, paradoxically, that FullBeauty (1) imposed a unilateral stay—despite actively seeking court intervention—and (2) needed to move for a protective order *before* receiving the challenged discovery requests. But courts routinely stay discovery pending resolution of a motion to dismiss after discovery has been served.

## II.    ARGUMENT

### A.    All Five Factors Favor a Stay.

FullBeauty makes its "'strong showing'" beyond mere "'stereotyped or conclusory statements'" that discovery should be stayed, and it has satisfied all five factors considered by courts in this Circuit. *See, e.g.*, *Heck v. Amazon.com, Inc.*, 2022 WL 16579372, at *2 (N.D. Cal. 2022); *see* Dkt. 35.

#### 1.    FullBeauty's Motion to Dismiss Raises Threshold, Potentially Dispositive Legal Issues.

FullBeauty's Motion to Dismiss raises two threshold questions of pure law: (1) whether Plaintiff's claims are preempted by CAN-SPAM and (2) whether they are unconstitutional under the dormant Commerce Clause. A court in the Eastern District of Washington recently held that these exact arguments challenging CEMA claims warranted a stay of discovery because "[a]

FULLBEAUTY'S REPLY ISO MOTION FOR
PROTECTIVE ORDER TO STAY DISCOVERY - 1
(Case No. 2:25-cv-01141-RSM)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
(206) 622-3150 main · (206) 757-7700 fax

favorable finding on any one of these grounds could potentially result in dismissal of all claims." *See Selay Shahpur v. Ulta Salon*, No. 2:25-cv-00284-RLP, Dkt. 48 (Order Granting Mot. to Stay Disc.) at 4 (E.D. Wash. Jan. 20, 2026) ("*Ulta* Decision").

Contrary to Plaintiff's contentions, the Court need not wade into the merits of FullBeauty's Motion to Dismiss to determine that a stay is warranted. *See Ahern Rentals Inc. v. Mendenhall*, 2020 WL 8678084, at *2 (W.D. Wash. 2020) (considering only whether the motion is "***potentially*** dispositive of the action" (emphasis added)); *Subspace Omega, LLC v. Amazon Web Servs., Inc.*, 2024 WL 4451404, at *2 (W.D. Wash. 2024) ("Without commenting on the merits of Defendant's pending motion, the Court notes that the motion is not frivolous and could dispose of the entire case, as Defendant seeks dismissal of all of Plaintiff's claims.").

Plaintiff has manufactured the requirement for a "'convinc[ing]' likelihood of dismissal." Dkt. 38 ("Opp.") at 5 (quoting *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002)). The Ninth Circuit has never so sharply curtailed district courts' "broad discretion to manage discovery." *Avila v. Willits Env't Remediation Tr.*, 633 F.3d 828, 833 (9th Cir. 2011). And courts in this District have dismissed Plaintiff's quoted language as "dicta." *Hold Sec. LLC v. Microsoft Corp.*, 2023 WL 7920434, at *1 (W.D. Wash. 2023) (citing *Wenger*, 282 F.3d at 1077).

Plaintiff cites two district court decisions holding that CEMA is not preempted by CAN-SPAM, but these cases do not address FullBeauty's dormant Commerce Clause argument, which is independently dispositive. *See Harrington v. Vineyard Vines, LLC*, 2025 WL 3677479, at *1 (W.D. Wash. 2025); *Ma v. Nike*, 2026 WL 100731, at *3 (W.D. Wash. 2026). And while those decisions found against preemption, FullBeauty respectfully preserves its position: they do not fully grapple with the Ninth Circuit's decision in *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1062–63 (9th Cir. 2009), which held that a claim brought under CEMA's subsection (1)(a) was preempted by CAN-SPAM. That reasoning applies equally to subsection (1)(b), alleged here. Furthermore, neither decision addressed *Virtumundo*'s broader holding that it would be "incongruous" to permit claims like Plaintiff's that "create more burdensome" standards on commercial entities than those under CAN-SPAM. *See* Dkt. 25 at 24–27. Regardless, because

FULLBEAUTY'S REPLY ISO MOTION FOR
PROTECTIVE ORDER TO STAY DISCOVERY - 2
(Case No. 2:25-cv-01141-RSM)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
(206) 622-3150 main · (206) 757-7700 fax

these cases did not address the dormant Commerce Clause argument, the motion remains "potentially dispositive" without addressing CAN-SPAM.

### 2.    No Discovery Is Needed to Resolve the Motion to Dismiss.

Plaintiff does not dispute that FullBeauty's fully briefed Motion to Dismiss raises threshold issues that the Court can resolve without any merits discovery. *Ahern Rentals, Inc. v. EquipmentShare.com, Inc.*, 2020 WL 2216944, at \*2 (E.D. Cal. 2020) (concluding that "defendants have met their burden as to this prong" where motion to dismiss was fully briefed). Plaintiff's requested discovery into promotional emails, marketing campaigns, and business data does not bear on whether the statute is preempted or unconstitutional, and it cannot cure pleading defects that are assessed on the face of the Complaint.[1] *See Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) ("Discovery is only appropriate where there are factual issues raised by a Rule 12(b) motion.").

### 3.    Plaintiff Still Cannot Articulate Any Harm From a Brief Stay.

Plaintiff still "cannot articulate any damage, beyond general delay, [she would] face" if a stay were granted. *Lloyd's Syndicate 2112 v. Meridian Drywall Inc.*, 2013 WL 4774456, at \*2 (W.D. Wash. 2013). She has not alleged "ongoing losses, incurred expense, loss of evidence, or any specific disadvantage or prejudice." *Ulta* Decision at 5; *see Subspace*, 2024 WL 4451404, at \*2 (noting that "a stay will not shorten or otherwise prejudice Plaintiff's ability to complete discovery, as the Court will allow the Parties to request a new case schedule, if appropriate, after its ruling on the Motion to Dismiss is issued."). Any stay of discovery would be short: FullBeauty's motion to dismiss has been fully briefed for over two months. *See Taylor v. McDonough*, 2021 WL 9649333, at \*2 (W.D. Wash. 2021).

---

[1] FullBeauty's Motion to Dismiss contends that Plaintiff failed to allege that sale extensions were predetermined or that FullBeauty knew or had reason to know she was a Washington resident. Dkt. 25 at 28–31. If anything, Plaintiff's insistence that she seeks discovery into these issues (Dkt. 40 at 17) **underscores** her failing at the pleading stage. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery.").

FULLBEAUTY'S REPLY ISO MOTION FOR
PROTECTIVE ORDER TO STAY DISCOVERY - 3
(Case No. 2:25-cv-01141-RSM)

Plaintiff claims her bare request for injunctive relief warrants a stay because she has alleged "ongoing harm." Opp. at 7. But Plaintiff has alleged no actual harm at all. *See* Dkt. 25 at 18–19. Even if Plaintiff were entitled to injunctive relief, she has not sought preliminary or emergency relief that would counsel against the brief stay requested. *See Allen v. Protective Life Ins. Co.*, 2020 WL 5878276, at *5 (E.D. Cal. 2020) (granting brief stay of discovery although plaintiff brought proposed class action seeking injunctive relief "to prevent ongoing violations" of statute "aimed to protect a vulnerable population" where plaintiff had "not sought a temporary restraining order or preliminary injunction"); *see also Gustavson v. Mars, Inc.*, 2014 WL 6986421, at *3 (N.D. Cal. 2014) (same).

### 4.    Voluminous, Class-Wide Discovery Is Unnecessarily Burdensome at This Stage.

Plaintiff's argument that Defendant has identified no greater burden than the inconvenience and expense of responding to Plaintiff's requests themselves "misses the point." *United Fin. Cas. Co. v. Aman Expedite, LLC*, 2024 WL 4625440, at *3 (W.D. Wash. 2024) (collecting cases). "When faced with claims that may not survive the pleading stage—such as in this motion—courts in this district focus on whether the movant will be faced with ***unnecessary*** burdens and expenses ***that can be avoided if the case is dismissed***." *Id.* (emphasis added). Broad discovery of this type is by itself a sufficient "hardship [because Defendant may be] forced to expend significant time and resources engaging in individual and class discovery issues that [may be] moot" depending on the outcome of a potentially dispositive motion. *Allen*, 2020 WL 5878276, at *6. This burden is especially apparent when discovery requests seek tremendous, class-wide discovery. *Jensen v. Cap. One Fin. Corp.*, 2024 WL 4554408, at *1 (W.D. Wash. 2024) (Discovery is "particularly challenging and expensive [when] the putative class includes tens of thousands or more people").

Plaintiff attempts to rationalize premature discovery by insisting that her discovery requests are "extraordinarily reasonable" for a class action. Opp. at 8. But again she fails to grasp the relevant inquiry. The question is not whether the requests might someday be appropriate in

FULLBEAUTY'S REPLY ISO MOTION FOR
PROTECTIVE ORDER TO STAY DISCOVERY - 4
(Case No. 2:25-cv-01141-RSM)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
(206) 622-3150 main · (206) 757-7700 fax

scope; it is whether forcing sweeping, class-wide discovery *now*—while a dispositive motion is pending and before class certification—imposes avoidable, unnecessary burden "'*at this stage*.'" *Gossage v. Off. of Pers. Mgmt.*, 2025 WL 437752, at *2 (W.D. Wash. 2025) (quoting *Subspace*, 2024 WL 4451404, at *2).

Plaintiff's requests are precisely this type of unnecessary burden "at this stage." *Id*. They demand, among other things, every promotional email during the entire class period plus associated recipient and engagement data (sent/opened/clicked), all advertisement campaign and testing plans with analytics, and identification of every Washington recipient—which would take weeks or months to query, validate, review, and produce, if feasible at all. *See* Dkt. 36 ¶¶ 4–6. This avoidable, outsized burden favors a stay.

### 5.    A Stay Would Promote Judicial Efficiency.

Plaintiff does not address the final factor in her opposition, and it cannot be disputed that "staying discovery…will promote efficiency and judicial economy, particularly given the possibility that the claims could be dismissed." *S.S. v. Microsoft Corp. Welfare Plan*, 2014 WL 12641201, at *1 (W.D. Wash. 2014) (Martinez, J.); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). Indeed, a dispositive ruling on the Motion to Dismiss will eliminate the need for discovery entirely, and any partial ruling on the Motion to Dismiss will cabin the scope of relevant discovery. *See U.S. v. Ctr. for Diagnostic Imaging*, 2010 WL 11682231, at *2 (W.D. Wash. 2010). And since the Motion to Dismiss is fully briefed, any stay would be short, which serves "'the interests of judicial economy.'" *Lockyer*, 398 F.3d at 1110.

### B.    FullBeauty Affirmatively Moved for a Stay to Avoid "Self Help."

Plaintiff's assertion that FullBeauty imposed a "unilateral stay" is also incorrect. Opp. at 9. FullBeauty did not "simply object[] and refus[e] to provide substantive discovery responses," *id.* at 9–10, but instead *affirmatively moved* for a stay. *See Core Health & Fitness, LLC v. Transmedik Specialized Inc.*, 2025 WL 3691958, at *7 (C.D. Cal. 2025) (faulting defendants who imposed a "unilateral stay" when they "could have, but did not, seek a stay of discovery"); *see also Gold v. Kaplan*, 2021 WL 6618643, at *4 (C.D. Cal. 2021). Plaintiff's other cited

FULLBEAUTY'S REPLY ISO MOTION FOR
PROTECTIVE ORDER TO STAY DISCOVERY - 5
(Case No. 2:25-cv-01141-RSM)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
(206) 622-3150 main · (206) 757-7700 fax

authority suffers from the same defect where parties merely objected *without* seeking court relief. *See CytoSport, Inc. v. Nature's Best, Inc.*, 2007 WL 1040993, at *3 (E.D. Cal. 2007); *Chase Bank USA, N.A. v. NAES, Inc.*, 2010 WL 2161786, at *4 (D. Nev. 2010). Here, by contrast, FullBeauty reviewed the requests, served comprehensive objections, met and conferred, and promptly moved this Court for a protective order. *See* Dkt. 36 ¶ 3.

Nor was FullBeauty's procedure out of "sequence" because it did not seek a stay before Plaintiff served discovery, as Plaintiff suggests. Opp. at 10. While some cases have indeed granted stays before discovery was served, many have granted them after, as is appropriate here. *Gossage*, 2025 WL 437752, at *2 (motion to stay discovery filed after "premature discovery requests" was granted pending resolution of the motion to dismiss); *Helm v. Hughes*, 2009 WL 4823847, at *1 (W.D. Wash. 2009) (motion seeking a stay of discovery filed after discovery requests were served granted in light of pending dispositive motion); *Allen*, 2020 WL 5878276, at *6 (granting defendant's motion to stay, filed after discovery requests were served, because pending dispositive motion could render discovery "moot"). Indeed, waiting to receive discovery requests is imminently reasonable, as courts have granted a motion to stay after expressly considering "the breadth of Plaintiff's requests" that were attached to the motion. *See, e.g.*, *Subspace*, 2024 WL 4451404, at *2.

Likewise, the Civil Rules presume that a party may move for a protective order *after* receiving discovery. *See* Fed. R. Civ. P. 26(c) (A "party or any person *from whom discovery is sought* may move for a protective order." (emphasis added)).

## III.    CONCLUSION

FullBeauty respectfully requests that this Court grant this Motion and stay all discovery pending resolution of its Motion to Dismiss.

FULLBEAUTY'S REPLY ISO MOTION FOR
PROTECTIVE ORDER TO STAY DISCOVERY - 6
(Case No. 2:25-cv-01141-RSM)

DATED this 23rd day of January, 2026.

Davis Wright Tremaine LLP


By  s/ *Lauren B. Rainwater*
Lauren B. Rainwater, WSBA #43625
Emily Parsons, WSBA #57061
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 206-622-3150
E-mail: laurenrainwater@dwt.com
E-mail: emilyparsons@dwt.com

Jacob Harper, *pro hac vice*
350 South Grand Avenue, 27th Floor
Los Angeles, CA  90071
Telephone: 213-633-6800
E-mail: jharper@dwt.com

*Attorneys for Defendant*

*I certify that this memorandum contains 2,099 words, in compliance with the Local Civil Rules.*

FULLBEAUTY'S REPLY ISO MOTION FOR
PROTECTIVE ORDER TO STAY DISCOVERY - 7
(Case No. 2:25-cv-01141-RSM)