UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JULIE ANNE KEMPF, on behalf of herself and all others similarly situated,

Plaintiff,

v.

FULLBEAUTY BRANDS OPERATIONS, LLC,

Defendant.

C25-1141 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) In its motion to dismiss, docket no. 25, which the Court denied by Order entered February 12, 2026, docket no. 47, defendant FullBeauty Brands Operations, LLC ("FullBeauty") indirectly raised a concern that plaintiff Julie Anne Kempf might lack Article III standing, and thereby cast doubt on the appropriateness of FullBeauty's own removal of this case from state court. See *Nuri v. True Religion Apparel*, No. 25-cv-690, 2026 WL 319198 (W.D. Wash. Feb. 4, 2026); *Montes v. Catalyst Brands LLC*, No. 25-CV-281, 2025 WL 3485827, at *2 (E.D. Wash. Dec. 4, 2025) (Article III standing requires *inter alia* a "concrete, particularized, and actual or imminent injury" that would "likely be redressed by judicial relief" (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021))). But see *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999 (W.D. Wash. 2019) (denying the plaintiff's motion for remand). The parties are DIRECTED to file briefs, on the schedule set forth in Paragraph 3, below, addressing whether Kempf has Article III standing and, if not, whether this case should be remanded to King County Superior Court.

(2) In its Notice of Removal, docket no. 1, FullBeauty asserted that the Court has subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), having calculated the amount in controversy by multiplying (a) the statutory damage amount of $500, and (b) an estimated number of e-mails (12,000) sent

MINUTE ORDER - 1

to Washington residents between May 15, 2021, and June 18, 2025, and thereby arriving at a figure that exceeds the $5 million CAFA threshold. *See* Notice of Removal at ¶¶ 3 & 12–15 (docket no. 1). Whether the statute at issue, namely Washington's Commercial Electronic Mail Act ("CEMA"), allows damages of $500 per e-mail, as opposed to $500 per recipient, is unclear. *See* RCW 19.190.040(1). Kempf has pleaded that the putative class has "more than 1,000 members," *see* Compl. at ¶ 59 (docket no. 1-2), and thus, if CEMA's statutory damages are awarded per recipient, then the amount in controversy is only $500,000. The parties are DIRECTED to file briefs, on the schedule set forth in Paragraph 3, below, addressing whether the Court has jurisdiction under CAFA and, if not, whether this case should be remanded to King County Superior Court. *See* 28 U.S.C. § 1447(c).

(3) The briefing required by Paragraphs 1 and 2, above, shall not exceed the word limits set forth in LCR 7(d)(3) and shall comply with the following deadlines:

(a) FullBeauty's opening brief shall be filed by February 23, 2026.

(b) Kempf's response brief shall be filed by March 5, 2026.

(c) The State of Washington may, but is not required to, file a response brief, which shall be filed by March 5, 2026.

(d) FullBeauty may, but is not required to, file a reply, which shall be filed by March 13, 2026.

(e) The Clerk is DIRECTED to note this matter for March 13, 2026.

(4) FullBeauty's motion to stay discovery, docket no. 35, pending the Court's ruling on its motion to dismiss, is STRICKEN as moot.

(5) Kempf's motion to compel discovery, docket no. 40, presented via a joint submission pursuant to LCR 37, is DEFERRED and RENOTED to March 13, 2026.

(6) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 13th day of February, 2026.

Joshua C. Lewis
Clerk

s/Grant Cogswell
Deputy Clerk

MINUTE ORDER - 2