The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JULIE ANNE KEMPF, on behalf of herself and all others similarly situated,

Plaintiff,

v.

FULLBEAUTY BRANDS OPERATIONS, LLC, an Indiana limited liability company,

Defendant.

No. 2:25-cv-01141-TSZ

FULLBEAUTY BRANDS OPERATIONS, LLC'S RESPONSE TO THE COURT'S FEBRUARY 13, 2026 MINUTE ORDER (DKT. 48)

NOTED ON MOTION CALENDAR:
March 13, 2026

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.    ARGUMENT...................................................................................................... 2

    A.    Plaintiff Adequately Alleges Article III Standing. .................................................. 2

        1.    Plaintiff Alleges an Injury in Fact Supporting Article III Standing............ 2

            a.    Plaintiff's Alleged CEMA Violations Satisfy Article III Standing. ........................................................................... 2

            b.    FullBeauty's Preemption Argument Is Consistent with Plaintiff Having Article III Standing. ........................................... 6

        2.    Plaintiff's Alleged Injury Is Traceable to FullBeauty................................. 7

        3.    Plaintiff's Alleged Injury Is Redressable By Judicial Order. .................... 7

    B.    This Court Has Jurisdiction Under CAFA.............................................................. 7

        1.    The First Three CAFA Elements Are Met................................................. 8

        2.    The Amount In Controversy Exceeds $5,000,000.................................... 8

III.    CONCLUSION................................................................................................. 10

FULLBEAUTY'S RESPONSE TO THE COURT'S
FEBRUARY 13, 2026 MINUTE ORDER (DKT. 48) - i
(Case No. 2:25-cv-01141-TSZ)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
(206) 622-3150 main · (206) 757-7700 fax

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Arias v. Residence Inn by Marriott*,
 936 F.3d 920 (9th Cir. 2019) ...................................................................................................9

*Booth v. Appstack, Inc.*,
 2016 WL 3030256 (W.D. Wash. 2016) (Robart, J.) ...................................................................4

*Brinton v. Vivint, Inc.*,
 2024 WL 3688589 (W.D. Wash. 2024) (Cartwright, J.) .........................................................2, 9

*Campbell v. Vitran Express, Inc.*,
 471 F. App'x 646 (9th Cir. 2012) .............................................................................................8

*Chabner v. United of Omaha Life Ins. Co.*,
 225 F.3d 1042 (9th Cir. 2000) ..................................................................................................9

*Chin v. Evergreen Freedom Found.*,
 764 F. Supp. 3d 924 (C.D. Cal. 2025) ......................................................................................5

*Diaz v. One Techs., LLC*,
 2022 WL 72283 (C.D. Cal. 2022)..............................................................................................5

*Gordon v. Virtumundo, Inc.*,
 575 F.3d 1040 (9th Cir. 2009) ..................................................................................................9

*Harbers v. Eddie Bauer, LLC*,
 415 F. Supp. 3d 999 (W.D. Wash. 2019) (Robart, J.)...................................................... *passim*

*Hill v. Spirit Halloween Superstores LLC*,
 2024 WL 5117460 (W.D. Wash. 2024) .....................................................................................4

*Hoffman v. One Techs., LLC*,
 2017 WL 176222 (W.D. Wash. 2017) (Lasnik, J.)....................................................................2

*In re Equifax Inc. Customer Data Sec. Breach Litig.*,
 999 F.3d 1247 (11th Cir. 2021) ................................................................................................4

*Jones v. Ford Motor Co.*,
 85 F.4th 570 (2023)...................................................................................................................6

*Kent v. HCL Techs. Ltd.*,
 2024 WL 4825383 (W.D. Wash. 2024) .....................................................................................4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
(206) 622-3150 main · (206) 757-7700 fax

*Korn v. Polo Ralph Lauren Corp.*,
    536 F. Supp. 2d 1199 (E.D. Cal. 2008)....................................................................................8

*Lewis v. Verizon Commc'ns. Inc.*,
    627 F.3d 395 (9th Cir. 2010) ................................................................................................10

*Montes v. Catalyst Brands LLC*,
    2025 WL 3485827 (E.D. Wash. 2025) ..........................................................................5, 6, 10

*Notice of Appeal, Montes v. Catalyst Brands LLC*,
    No. 2:25-cv-00281 (E.D. Wash. Dec. 19, 2025) (Dkt. No. 17) ...........................................10

*Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*,
    802 F.2d 362 (9th Cir. 1986) .............................................................................................8, 9

*Perry v. Boeing Co.*,
    2024 WL 4867023 (W.D. Wash. 2024) ..................................................................................4

*Reichman v. Poshmark, Inc.*,
    267 F. Supp. 3d 1278 (S.D. Cal. 2017)..................................................................................4

*Spencer v. Total Renal Care, Inc.*,
    2024 WL 4834901 (W.D. Wash. 2024) ..................................................................................4

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016)..........................................................................................................2, 7

*TransUnion LLC v. Ramirez*,
    594 U.S. 413 (2021)..........................................................................................................2, 6

*Valdez v. Allstate Ins. Co.*,
    372 F.3d 1115 (9th Cir. 2004) .............................................................................................10

*Wakefield v. ViSalus, Inc.*,
    51 F.4th 1109 (9th Cir. 2022) ................................................................................................5

*Whittaker v. Tactical USA LLC*,
    2024 WL 1855645 (E.D. Cal. Apr. 29, 2024).........................................................................5

*Wit v. United Behav. Health*,
    79 F.4th 1068 (9th Cir. 2023) ................................................................................................7

*Wolfson v. Brammer*,
    616 F.3d 1045 (9th Cir. 2010) ...............................................................................................7

FULLBEAUTY'S RESPONSE TO THE COURT'S
FEBRUARY 13, 2026 MINUTE ORDER (DKT. 48) - iii
(Case No. 2:25-cv-01141-TSZ)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
(206) 622-3150 main · (206) 757-7700 fax

**State Cases**

*State v. Heckel*,
    143 Wn.2d 824 (2001) ................................................................................................................3

**Federal Statutes**

28 U.S.C. § 1332(d)(1)(B) ...........................................................................................................7

28 U.S.C. § 1332(d)(6) ................................................................................................................8

**State Statutes**

RCW 19.190.040 ........................................................................................................................1

RCW 19.190.040(1) ....................................................................................................................7

RCW 19.190.090(1) ....................................................................................................................7

**Other Authorities**

14A Wright, Miller, and Cooper, *Federal Practice and Procedure, Jurisdiction*, § 3702 (2d ed.
    1985) .........................................................................................................................................9

FULLBEAUTY'S RESPONSE TO THE COURT'S
FEBRUARY 13, 2026 MINUTE ORDER (DKT. 48) - iv
(Case No. 2:25-cv-01141-TSZ)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
(206) 622-3150 main · (206) 757-7700 fax

## I.    INTRODUCTION

Defendant FullBeauty Brands Operations, LLC ("FullBeauty") respectfully submits this response to the Court's Minute Order directing the parties to address (a) whether Plaintiff Julie Anne Kempf ("Plaintiff") has Article III standing and (b) whether the Court has jurisdiction under the Class Action Fairness Act ("CAFA"). Minute Ord. ¶¶ 1–2.

*First*, Plaintiff adequately alleges the injury in fact, traceability, and redressability prongs to establish her Article III standing. The alleged violation of Washington's Commercial Electronic Mail Act ("CEMA")—Plaintiff's receipt of allegedly deceptive e-mails—constitutes a concrete injury in fact, even absent allegations of additional harm. Plaintiff's allegation that FullBeauty's marketing e-mails caused her injury satisfies the traceability prong. And the Court can redress Plaintiff's alleged injury by awarding her the requested relief.

*Second*, this Court also has subject matter jurisdiction under CAFA. It is undisputed that the first three elements of CAFA jurisdiction are met: 1) this action is a proposed class action, 2) minimal diversity is met because Plaintiff is a citizen of Washington and FullBeauty is a citizen of Indiana and New York, and 3) the number of members of the proposed class exceeds 100. The fourth and final element of CAFA jurisdiction, the amount in controversy—as determined on the face of the pleadings—is also satisfied. CEMA provides "[d]amages to the recipient of a commercial electronic mail message … are five hundred dollars, or actual damages, whichever is greater." RCW 19.190.040. Plaintiff alleged $500 minimum damages per deceptive or misleading e-mail. The amount in controversy thus exceeds the $5,000,000 jurisdictional threshold based on FullBeauty's records showing more than 15,000 Catherine's or Women Within customers associated with a Washington mailing address received one or more of the e-mails at issue during the Class Period.

Because Plaintiff has adequately alleged Article III standing and this court has CAFA jurisdiction, remand would be improper.

FULLBEAUTY'S RESPONSE TO THE COURT'S
FEBRUARY 13, 2026 MINUTE ORDER (DKT. 48) - 1
(Case No. 2:25-cv-01141-TSZ)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
(206) 622-3150 main · (206) 757-7700 fax

## II.    ARGUMENT

### A.    Plaintiff Adequately Alleges Article III Standing.

Plaintiff has Article III standing. To satisfy Article III's standing requirement, Plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Because the Court's Minute Order directed FullBeauty to address Plaintiff's Article III standing generally, *see* Minute Ord. ¶ 1, FullBeauty first addresses whether Plaintiff has suffered an injury in fact, before briefly addressing the traceability and redressability prongs.

### 1.    Plaintiff Alleges an Injury in Fact Supporting Article III Standing.

Article III standing requires Plaintiff to show that she "suffered an injury in fact that is concrete, particularized, and actual or imminent." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). "[I]ntangible harms can … be concrete. Chief among them are injuries with a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts." *Id.* at 425 (citing *Spokeo*, 578 U.S. at 340–41). CEMA protects Washington residents from the nuisance of receiving deceptive commercial e-mails, which is a concrete harm courts in this district have held sufficient to confer standing. *See Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1008 (W.D. Wash. 2019) (Robart, J.); *Brinton v. Vivint, Inc.*, 2024 WL 3688589, at*3 (W.D. Wash. 2024) (Cartwright, J.).

### a.    Plaintiff's Alleged CEMA Violations Satisfy Article III Standing.

Plaintiff's alleged CEMA violations satisfy Article III standing's requirements, as has been repeatedly recognized by courts in this district. *See Harbers*, 415 F. Supp. 3d at 1007–11; *Brinton*, 2024 WL 3688589, at*3; *see also Hoffman v. One Techs., LLC*, 2017 WL 176222, at *2 (W.D. Wash. 2017) (Lasnik, J.).

*Harbers*'s detailed standing analysis directly applies here and "remains persuasive after *TransUnion*." *Brinton*, 2024 WL 3688589, at *3. There, Judge Robart was faced with a motion

FULLBEAUTY'S RESPONSE TO THE COURT'S
FEBRUARY 13, 2026 MINUTE ORDER (DKT. 48) - 2
(Case No. 2:25-cv-01141-TSZ)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
(206) 622-3150 main · (206) 757-7700 fax

to remand in a case which, much like this one, involved a putative class action seeking only statutory damages for e-mails with allegedly misleading subject lines sent in violation of CEMA under the CPA. *See* 415 F. Supp. 3d at 1001–03. Judge Robart denied the motion to remand, concluding that the plaintiff did not need to "allege additional harm beyond the alleged CEMA violation to allege a concrete injury-in-fact." *Id.* at 1009.

Judge Robart began his analysis "by asking whether CEMA was established to protect a concrete interest that is akin to a historical, common law interest." *Id.* at 1006 (citation modified). Surveying CEMA's legislative history, as well as the Washington Supreme Court's decision in *State v. Heckel*, 143 Wn.2d 824 (2001), Judge Robart concluded that CEMA protected consumers' concrete interest in being free from voluminous deceptive commercial e-mails. *See Harbers*, 415 F. Supp. 3d at 1006–08. And because "[t]he harms resulting from deceptive commercial e-mails resemble the type of harms remedied by nuisance or fraud actions[,]" *id.* at 1008, Judge Robart concluded that CEMA protected a concrete interest sufficient for Article III standing.

Judge Robart next evaluated whether the plaintiff's "allegation that she received marketing e-mails … in violation of CEMA's prohibition on sending commercial e-mails with false or misleading subject lines satisfies the concreteness requirement, ***even absent additional allegations of harm***." *Id.* at 1009 (emphasis added). The court concluded this allegation is sufficient to confer Article III standing, particularly because "CEMA identifies a right to be free from deceptive commercial e-mails, which suffers anytime a prohibited message is transmitted." *Id.* Judge Robart explained that, even if the plaintiff had "allege[d] only a procedural CEMA violation, [such an] alleged violation would be sufficient to confer Article III standing." *Id.* at 1009–10. "[B]ecause commercial e-mails containing false or misleading subject lines pose a risk to an individual's interest in being free from the nuisance and loss of productivity," *id.* at 1010, a CEMA plaintiff "need not allege any additional harm beyond the CEMA violations to allege a concrete injury-in-fact sufficient to confer Article III standing[,]" *id.* at 1011.

FULLBEAUTY'S RESPONSE TO THE COURT'S
FEBRUARY 13, 2026 MINUTE ORDER (DKT. 48) - 3
(Case No. 2:25-cv-01141-TSZ)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
(206) 622-3150 main · (206) 757-7700 fax

The Court should follow Judge Robart's logic here and conclude that Plaintiff has alleged an injury in fact based on her allegations that "FullBeauty is in violation of the Washington Consumer Electronic Mail Act[.]" Dkt. 22 ("FAC") ¶ 3. Plaintiff alleges that she "has received thousands of marketing emails from Woman Within and Catherine's since that date. She receives at least one email a day, and sometimes several emails every day." *Id.* ¶ 66. This allegation goes right to the heart of Judge Robart's analysis in *Harbers*, reflecting that Plaintiff's "interest in being free from the nuisance and loss of productivity" is being damaged by her receipt of FullBeauty's allegedly deceptive e-mails. *See Harbers*, 415 F. Supp. 3d at 1010. Indeed, courts around the country recognize that being subjected to voluminous amounts of spam is an injury in fact for standing purposes. *See, e.g.*, *Reichman v. Poshmark, Inc.*, 267 F. Supp. 3d 1278, 1284 (S.D. Cal. 2017) (finding that, among other intangible harms, "the indirect waste of time in having to break from other important tasks and spend time catching up after the junk call" established injury in fact); *Booth v. Appstack, Inc.*, 2016 WL 3030256, at *5 (W.D. Wash. 2016) (alleged statutory violations that "required Plaintiffs to waste time answering or otherwise addressing widespread robocalls" established injury in fact) (Robart, J.); *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1262 (11th Cir. 2021).[1] Moreover, whether Plaintiff relied on any of FullBeauty's allegedly deceptive e-mails or otherwise incurred any

---

[1] This Court's decision in *Hill v. Spirit Halloween Superstores LLC*, 2024 WL 5117460 (W.D. Wash. 2024), is inapposite. In *Hill*, this Court remanded to state court a case involving alleged violations of Washington's Equal Pay and Opportunities Act ("EPOA") because the Court concluded that "wasted time and an inability to evaluate the pay offered by the defendant or compare the pay to the wages associated with other job opportunities do not constitute concrete injuries." *See id.* at *1–2. In each of the cases cited in *Hill*, the plaintiffs never actually applied for the positions they alleged lacked salary information. *See Perry v. Boeing Co.*, 2024 WL 4867023, at *1–2 (W.D. Wash. 2024); *Spencer v. Total Renal Care, Inc.*, 2024 WL 4834901, at *2–3 (W.D. Wash. 2024); *Kent v. HCL Techs. Ltd.*, 2024 WL 4825383, at *3 (W.D. Wash. 2024). And because EPOA was enacted to protect the interests of ***actual job applicants***, those plaintiffs were not exposed to the injury EPOA was intended to guard against. *See id.* So too was the case in *Hill*, where the plaintiff "did not allege a successful application," placing him outside the interests to be protected by the EPOA. *See Hill*, 2024 WL 5117460, at *1–2 & n .1.

Plaintiff in this case, however, has alleged injury to the interests sought to be protected by CEMA. Moreover, there is a difference between a plaintiff spending time attempting to determine the salary range for a job posting they ***might*** apply to, and a plaintiff spending time addressing spam messages they have ***actually received*** and which are occupying space in their inbox (potentially even obscuring an e-mail offering them a position in response to a job application). Simply put, the waste of time in *Hill* was more speculative and disconnected from the interests sought to be protected by the underlying statute than the wasted time in the context of a CEMA claim.

FULLBEAUTY'S RESPONSE TO THE COURT'S
FEBRUARY 13, 2026 MINUTE ORDER (DKT. 48) - 4
(Case No. 2:25-cv-01141-TSZ)

economic injury is irrelevant to the Article III inquiry. What matters for standing purposes is that she was subjected to the injury of receiving allegedly deceptive e-mails. *See Chin v. Evergreen Freedom Found.*, 764 F. Supp. 3d 924, 934 (C.D. Cal. 2025) ("The Court agrees that '[t]he substantive right … is protection from unwanted spam emails – not necessarily protection from financial harm. An economic injury would be sufficient to show an injury in fact, ***but it is not necessary***.'" (first alteration and emphasis in original) (quoting *Lynch v. AML Network Ltd.*, 2021 WL 4453470, at *4 (C.D. Cal. 2021)); *Whittaker v. Tactical USA LLC*, 2024 WL 1855645, at *6 (E.D. Cal. Apr. 29, 2024) (holding that receipt of spam establishes injury in fact, even absent other alleged harm); *Diaz v. One Techs., LLC*, 2022 WL 72283, at *6 (C.D. Cal. 2022) (holding that, post-*TransUnion*, receipt of spam in violation of California statute still established injury in fact); *see also Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1117 (9th Cir. 2022) (alleged injury "from the receipt of unwanted telephone calls" established injury in fact (citing *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017); *Chennette v. Porch.com, Inc.*, 50 F.4th 1217, 1225–26 (9th Cir. 2022))).

And just as the *Harbers*'s plaintiff pleaded that she would like to continue to receive truthful e-mails from the defendant, *see* 415 F. Supp. 3d at 1011, so too has Plaintiff alleged that "she would like to continue receiving truthful information from FullBeauty regarding its products," FAC ¶ 70. Thus, "given that [Plaintiff's] desire to continue receiving [FullBeauty's] commercial e-mails is contingent upon such e-mails not containing false or misleading information in the subject line, by alleging she received such false or misleading e-mails, [Plaintiff] does in fact allege such an injury." *See Harbers*, 415 F. Supp. 3d at 1011.

The Eastern District of Washington's opinion in *Montes v. Catalyst Brands LLC*, 2025 WL 3485827 (E.D. Wash. 2025) does not change this result. The *Montes* court dismissed a CEMA complaint for a lack of Article III standing because it concluded that the plaintiff had not suffered a concrete injury. *Id.* at *3. But this conclusion rested on the premise that the plaintiff did not suffer any individual harm because they did not allege that the e-mails were "unwanted."

FULLBEAUTY'S RESPONSE TO THE COURT'S
FEBRUARY 13, 2026 MINUTE ORDER (DKT. 48) - 5
(Case No. 2:25-cv-01141-TSZ)

*Id.*[2] Here, however, Plaintiff alleges that she does not want to receive the allegedly misleading e-mails from FullBeauty. FAC ¶ 70. Plaintiff thus alleges she suffered a concrete injury in fact.

### b.    FullBeauty's Preemption Argument Is Consistent with Plaintiff Having Article III Standing.

The injury in fact requirement "creates a pleading floor" for jurisdictional purposes. *See Jones v. Ford Motor Co.*, 85 F.4th 570, 573–74 (2023). Specific causes of action may require a greater or more detailed allegation of injury than Article III standing's injury in fact requirement, but "[a] failure to plead the more-specific or more-demanding statutory injury shows a failure to state a claim, not a failure to establish standing." *Id.* at 574 (citing *Salmon Spawning & Recovery All. v. Gutierrez*, 545 F.3d 1220, 1225 (9th Cir. 2008)). As the Supreme Court itself has recognized, "[f]or standing purposes, … an important difference exists between (i) a plaintiff 's statutory cause of action to sue a defendant over the defendant's violation of federal law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of [the] law." *TransUnion*, 594 U.S. at 426–27.

In its motion to dismiss, FullBeauty argued that, to avoid preemption of her claims by the federal Controlling the Assault of Non-Solicited Pornography and Marketing Act ("CAN-SPAM"), Plaintiff "must, at a minimum, demonstrate that the allegedly false or misleading subject lines were material to her." Dkt. 25 at 7. FullBeauty went on to argue that Plaintiff must also plead traditional tort elements—damages, reliance, and injury—to avoid CAN-SPAM preemption. *Id.* at 8–11. But these arguments go to the elements of Plaintiff's claims, not whether she has constitutional standing. Indeed, as Judge Robart recognized in *Harbers*, CEMA claims are akin to both nuisance and fraud claims. *See* 415 F. Supp. 3d at 1008. CEMA's dually analogous injury means that FullBeauty's argument that CAN-SPAM preempts Plaintiff's claims because she failed to allege the elements of a common-law fraud claim is nonetheless consistent with Plaintiff having Article III standing.

---

[2] The *Montes* court also failed to acknowledge the weight of authority holding that losing time wading through spam messages constitutes injury in fact. *See Montes*, 2025 WL 3485827, at *2–3.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
(206) 622-3150 main · (206) 757-7700 fax

### 2.    Plaintiff's Alleged Injury Is Traceable to FullBeauty.

Not only must Plaintiff allege an injury in fact, but that injury must be "fairly traceable" to FullBeauty's actions for Plaintiff to have Article III standing. "An injury is 'fairly traceable' where there is a causal connection between the injury and the defendant's challenged conduct." *Wit v. United Behav. Health*, 79 F.4th 1068, 1083 (9th Cir. 2023).

Here, Plaintiff alleges FullBeauty sent her e-mails with misleading subject lines in violation of CEMA, causing her injury. Plaintiff has satisfied Article III standing's traceability requirement. *See id.* (concluding that the plaintiffs' injuries satisfied Article III standing's traceability requirement because they were "all connected to [the defendant's] alleged conduct of improperly developing Guidelines in its own self-interest").

### 3.    Plaintiff's Alleged Injury Is Redressable By Judicial Order.

The final requirement for Article III standing is that the alleged injury "is likely to be redressed by a favorable judicial decision." *Spokeo*, 578 U.S. at 338.

Here, CEMA authorizes and Plaintiff is seeking both statutory damages under the CPA, RCW 19.190.040(1), 19.190.090(1); FAC Request for Relief ¶ F; and injunctive relief requiring FullBeauty to comply with CEMA going forward, RCW 19.190.090(1); FAC Request for Relief ¶ D. An order from this Court awarding Plaintiff either of those remedies would redress Plaintiff's alleged injury. Plaintiff has satisfied Article III standing's redressability requirement. *See Wolfson v. Brammer*, 616 F.3d 1045, 1056–57 (9th Cir. 2010) (concluding that redressability was satisfied because an injunction barring defendants from taking certain actions towards the plaintiff would provide the plaintiff with relief).

### B.    This Court Has Jurisdiction Under CAFA.

The Court has subject matter jurisdiction under CAFA. To establish jurisdiction under CAFA, FullBeauty must show: (a) this action is a proposed "class action" as defined in 28 U.S.C. § 1332(d)(1)(B); (b) at least one member of the proposed class is a citizen of a state different than FullBeauty; (c) the number of members of the proposed class is not less than 100;

FULLBEAUTY'S RESPONSE TO THE COURT'S
FEBRUARY 13, 2026 MINUTE ORDER (DKT. 48) - 7
(Case No. 2:25-cv-01141-TSZ)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
(206) 622-3150 main · (206) 757-7700 fax

and (d) the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs. Although the Court questions only whether the claimed statutory damages meet the $5 million jurisdictional threshold, Minute Ord. ¶ 2, FullBeauty first addresses the first three elements before addressing the amount in controversy in the interest of completeness.

### 1.    The First Three CAFA Elements Are Met.

It is undisputed that the first three requirements are met. First, this action is a proposed class action. FAC ¶¶ 72–86 (class allegations). Second, minimal diversity is met because Plaintiff is a citizen of Washington and FullBeauty is a citizen of Indiana and New York. *Id.* ¶¶ 5–6; *see also* Dkt. 2 (FullBeauty's corporate disclosure statement). Third, the number of members of the proposed class is not less than 100. FAC ¶ 75 ("On information and belief, the Class has more than 1,000 members.").

### 2.    The Amount In Controversy Exceeds $5,000,000

This case also satisfies the amount-in-controversy requirement. "In a class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

The amount of controversy is "normally determined from the face of the pleadings" so "unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363–64 (9th Cir. 1986); *see also Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("In measuring the amount in controversy, a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint."); *Campbell v. Vitran Express, Inc.,* 471 F. App'x 646, 648 (9th Cir. 2012) (same). Stated differently, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal" for want of jurisdiction. *Pachinger*, 802 F. 2d at 364. Legal certainty is satisfied "when a specific rule or measure of

FULLBEAUTY'S RESPONSE TO THE COURT'S
FEBRUARY 13, 2026 MINUTE ORDER (DKT. 48) - 8
(Case No. 2:25-cv-01141-TSZ)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
(206) 622-3150 main · (206) 757-7700 fax

damages limits the amount of damages recoverable." *Id.* (quoting 14A Wright, Miller, and Cooper, *Federal Practice and Procedure, Jurisdiction*, § 3702 at 48–50 (2d ed. 1985)).

Here, Plaintiff alleges that "damages to each recipient of a commercial electronic mail message sent in violation of CEMA are the greater of $500 for each such message or actual damages,"[3] FAC ¶ 102, and she seeks an "[a]ward statutory damages where applicable[,]" *id.* at Request for Relief ¶ F. There is no "specific rule of law or measure of damages" that precludes Plaintiff from recovering statutory damages of $500 per offending e-mail, as no court has ruled on this issue yet. *Pachinger*, 802 F.2d at 364 (quoting Wright et al., *supra*, at 48–50); *see also Brinton*, 2024 WL 3688589, at *3–4 (assessing CEMA's statutory penalty per e-mail consistent with similar statutes in California and Florida); *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1057, n.16 (9th Cir. 2009) (noting CEMA "provides for sizeable statutory damages or actual damages," allowing recipients to recover $500 per violation).[4] As the Court recognized, the statute itself is ambiguous. Minute Ord. ¶ 2. And FullBeauty has found no decision opining on whether statutory damages are limited to $500 per recipient for all e-mails that recipient received that violated CEMA. FullBeauty is thus entitled to rely on the reasonable assumption that Plaintiff and the proposed class may obtain $500 in statutory damages per deceptive e-mail, as Plaintiff alleged. FAC ¶¶ 93, Request for Relief ¶ F; *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922, 925 (9th Cir. 2019) (explaining "defendant's showing on the amount in controversy may rely on reasonable assumptions" and "[a]n assumption may be reasonable if it is founded on the allegations of the complaint").

---

[3] Plaintiff also seeks "reasonable attorneys' fees and costs, as allowed by law" and injunctive relief, FAC Request for Relief ¶¶ D, H, which were not included in FullBeauty's calculation in its notice of removal. *See* Dkt. 1 at 3–4. The Court, however, may consider these types of alleged damages, aggregated on a class-wide basis, when determining the amount in controversy. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000); *see also Arias*, 936 F.3d at 928 (confirming attorneys' fees must be included in calculating the amount in controversy).

[4] The ultimate result in *Brinton* does not govern here, however, because there the defendant inferred without support that plaintiff's "allegation of 'over twenty' emails means 29." *Brinton*, 2024 WL 3688589, at *4. Here, however, FullBeauty is putting forth evidence concerning the number of e-mails at issue.

FULLBEAUTY'S RESPONSE TO THE COURT'S
FEBRUARY 13, 2026 MINUTE ORDER (DKT. 48) - 9
(Case No. 2:25-cv-01141-TSZ)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
(206) 622-3150 main · (206) 757-7700 fax

FullBeauty is also entitled to rely on "summary judgment type evidence relevant to the amount in controversy at the time of removal." *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004) (quoting *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003)); *see also Lewis v. Verizon Commc'ns. Inc.*, 627 F.3d 395, 397 (9th Cir. 2010) (considering removing defendant's affidavit in assessing amount in controversy). FullBeauty's business records indicate more than 15,000 Women Within and Catherine's customers associated with a Washington mailing address received one or more of the emails at issue during the Class Period. *See* Declaration of Milt Hallas ¶ 3.

With more than 15,000 customers associated with a Washington mailing address each receiving at least one email at issue and $500 in alleged minimum damages per e-mail, the amount in controversy exceeds $5,000,000, even before accounting for Plaintiff's requested attorney's fees, treble damages, or injunctive relief. And even if the statutory damages were limited to $500 per recipient, the statutory damages alone amount to more than $5,000,000— adding Plaintiff's requested attorney's fees, treble damages, and injunctive relief would easily exceed the jurisdictional minimum. Taking the allegations in Plaintiff's complaint as true, it cannot be said to a legal certainty that the aggregated damages here does not meet the jurisdictional amount.

Because FullBeauty has "borne its burden to show the amount in controversy exceeds $5 million," *Lewis*, 627 F.3d at 402, it has established that this Court has CAFA jurisdiction.

### III.    CONCLUSION

Plaintiff has adequately alleged Article III standing and this Court has subject matter jurisdiction over this dispute under CAFA. Remand would be improper.[5]

---

[5] Should the Court disagree, FullBeauty alternatively requests that the Court stay this case pending the Ninth Circuit's resolution of whether CEMA violations satisfy Article III standing in the *Montes* appeal. *See Notice of Appeal, Montes v. Catalyst Brands LLC*, No. 2:25-cv-00281 (E.D. Wash. Dec. 19, 2025) (Dkt. No. 17).

FULLBEAUTY'S RESPONSE TO THE COURT'S
FEBRUARY 13, 2026 MINUTE ORDER (DKT. 48) - 10
(Case No. 2:25-cv-01141-TSZ)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
(206) 622-3150 main · (206) 757-7700 fax

DATED this 23rd day of February, 2026.

Davis Wright Tremaine LLP

By  s/ *Lauren B. Rainwater*
    Lauren B. Rainwater, WSBA #43625
    Emily Parsons, WSBA #57061
    Alec Zatirka, WSBA #63873
    920 Fifth Avenue, Suite 3300
    Seattle, WA 98104-1610
    Telephone: 206-622-3150
    E-mail: laurenrainwater@dwt.com
    E-mail: emilyparsons@dwt.com
    E-mail: aleczatirka@dwt.com

    Jacob Harper, *pro hac vice*
    350 South Grand Avenue, 27th Floor
    Los Angeles, CA  90071
    Telephone: 213-633-6800
    E-mail: jharper@dwt.com

    *Attorneys for Defendant*

    *I certify that this memorandum contains 3,757 words, in compliance with the Local Civil Rules.*

FULLBEAUTY'S RESPONSE TO THE COURT'S
FEBRUARY 13, 2026 MINUTE ORDER (DKT. 48) - 11
(Case No. 2:25-cv-01141-TSZ)